# EXHIBIT "A"

| File No. | |
|---|---|
| 21 CVS 41 | |

# STATE OF NORTH CAROLINA

MONTGOMERY _____ County

Additional File No.(s)

2021 SEP -7 A 8:52

In the General Court of Justice
☐ District ■ Superior Court Division

Name of Plaintiff ("STATE OF NORTH CAROLINA" if a criminal case)

Win Dozier

## VERSUS

# CERTIFICATE OF TRANSCRIPT DELIVERY

Name of Defendant:

Sherri Allgood and Tonya Yvette Troublefield

Codefendant(s) if Tried Jointly

The undersigned hereby certifies that the transcript of proceedings in the above-captioned action was delivered as herein described.

## Description of Transcript(s) Delivered

| Date(s) of Trial/Hearing(s) | Date Transcript(s) Ordered/Requested | Transcript Ordered/Requested by |
|---|---|---|
| 6/7/2021 | 7/26/2021 | Defendants |
| Date Transcript(s) Delivered | Number of Volumes Delivered | Total Number of Pages Delivered |
| 8/26/2021 | 1 | 41 |

## Parties to Whom Transcript(s) Delivered

| For the (specify) Plaintiff (Name and Address) | For the (specify) Defendant (Name and Address) | For the (specify) Other: Defendants' Attorney (Name and Address) |
|---|---|---|
| Thomas Van Camp, Esq. Van Camp, Meacham & Newman, PLLC | Brooke Crump, Esq. Lake Tillery Law | Jennifer Fleet, Esq. Fleet Law, PLLC |
| Telephone No. | Telephone No. | Telephone No. |
| E-mail Address thomasv@vancamplaw.com | E-mail Address brooke@laketillerylaw.com | E-mail Address jfleet@fleetlawpllc.com |
| For the (specify) (Name and Address) | For the (specify) (Name and Address) | For the (specify) (Name and Address) |
| Telephone No. | Telephone No. | Telephone No. |
| E-mail Address | E-mail Address | E-mail Address |

| Date | Name of Court Reporter/Transcriptionist (printed) | Signature of Court Reporter/Transcriptionist |
|---|---|---|
| 8/26/2021 | Rebecca R. LeClair, CVR-M | Rebecca R. LeClair |

CRM-COD 1 - 7/1/2020

Motions Hearing

Rebecca R. LeClair

Post Office Box 4568
Pinehurst, North Carolina 28374

---

August 26, 2021

**COURIER # 03-96-05**
Montgomery County
Clerk of Superior Court
Hon. John K. Deaton
Attn: Robin Liles-Maness, Deputy Clerk
108 East Main Street
Troy, North Carolina 27371

In Re:  Certificate of Transcript Delivery
*Win Dozier v. Sherri Allgood and Tonya Yvette Troublefield*
Montgomery County File 21 CVS 41

Dear Robin:

Enclosed for filing please find my Certificate of Transcript Delivery in the matter referenced above.  Please return a file-stamped copy to me in the envelope provided.

Thank you for your assistance.  Please do not hesitate to contact me if you have any questions regarding the filing of this document or if you need additional information.

Sincerely yours,

*Leilani*

Rebecca R. LeClair, CVR-M
Official Court Reporter, Rover
North Carolina Judicial Branch
Rebecca.R.LeClair@nccourts.org

Enclosures
.

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
                                   SUPERIOR COURT DIVISION
COUNTY OF MONTGOMERY      FILE NO. 21-CVS-41

|  |  |
|---|---|
| WIN DOZIER, | ) |
|  | ) |
|      Plaintiff, | ) |
|   v. | ) |
|  | ) |
|  | )   **PLAINTIFF'S MOTION TO AMEND** |
| SHERRI ALLGOOD and | )   **COMPLAINT AND ADD** |
| TONYA YVETTE TROUBLEFIELD, | )   **A PARTY DEFENDANT** |
|  | ) |
|      Defendants. | ) |
|  | ) |

NOW COMES the Plaintiff Win Dozier, by and through his undersigned counsel, pursuant to Rule 15 of the North Carolina Rules of Civil Procedure, hereby moves this Court for leave to amend his Complaint to add a party Defendant. In support of this Motion, the Plaintiff shows unto the Court as follows:

1.     The Plaintiff filed his Complaint in this action on January 28, 2021, against the named Defendants.

2.     On June 7, 2021, the Defendant Tonya Yvette Troublefield, by and through her undersigned counsel, served upon the Plaintiff, by and through his undersigned counsel, an Answer.

3.     The Plaintiff now believes after receiving the Defendant Tonya Yvette Troublefield's Answer that the Defendant's daughter, Yvette Daye Troublefield, should be named as a Defendant in this action. Upon information and belief, although the Defendant Yvette Daye Troublefield did not live or reside in Montgomery County of North Carolina during the time in question, she attempted to run for office in Montgomery County claiming her mother's, Tonya

1

Yvette Troublefield, residence as her primary residence. This fact has created confusion regarding the proper Defendant.

4. Upon information and belief, the Defendant Tonya Yvette Troublefield's daughter has knowledge of the pending suit and, based on the Defendant Tonya Yvette Troublefield's Answer, participated in the events giving rise to Plaintiff's claims.

5. A copy of the proposed Amended Complaint incorporating the requested changes as outlined herein is attached hereto as Exhibit A.

6. This Motion to Amend Complaint and Add a Party Defendant is made in good faith, and not made in an effort to delay or impede the present case. This Motion will not delay the trial in this matter and will not prejudice the Defendants. It is the Plaintiff's intent to dismiss the Defendant Tonya Yvette Troublefield if it is determined that her daughter, Yvette Daye Troublefield, is the proper Defendant.

Wherefore, the Plaintiff respectfully requests that this Court grant the Plaintiff leave to amend his Complaint to add Yvette Daye Troublefield as a party Defendant.

This the 20th day of August 2021.

VAN CAMP, MEACHAM & NEWMAN, PLLC
*Attorney for the Plaintiff*

By: _____
Thomas M. Van Camp, State Bar # 16872
P.O. Box 1389
Pinehurst, NC 28370
Telephone (910) 295-2525
Facsimile (910) 295-2001
thomasv@vancamplaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD A PARTY DEFENDANT** upon the person listed below by depositing the same in a prepaid postage envelope in the United States mail addressed and via email addressed as follows:

*Attorney for Defendants*
Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306
brooke@laketillerylaw.com

This 20th day of August, 2021.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorney for the Plaintiff*

By: _____
Thomas M. Van Camp, State Bar # 16872
P.O. Box 1389
Pinehurst, NC 28370
Telephone (910) 295-2525
Facsimile (910) 295-2001
thomasv@vancamplaw.com

3

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
                             SUPERIOR COURT DIVISION
COUNTY OF MONTGOMERY       FILE NO. 21-CVS-41

EXHIBIT A

2021

WIN DOZIER,

      Plaintiff,

  v.

SHERRI ALLGOOD,
TONYA YVETTE TROUBLEFIELD, and
YVETTE DAYE TROUBLEFIELD

      Defendants.

                         AMENDED COMPLAINT
                         (Jury Trial Demanded)

NOW COMES the Plaintiff, Win Dozier, complaining of the Defendants, and the Plaintiff alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1.    The Plaintiff, Win Dozier (hereinafter referred to as the "Plaintiff") is a citizen and resident of Montgomery County, North Carolina.

2.    Upon information and belief, the Defendant, Sherri Allgood (hereinafter referred to as the "Defendant Allgood"), is a citizen and resident of Montgomery County, North Carolina.

3.    Upon information and belief, the Defendant, Tonya Yvette Troublefield (hereinafter referred to as the "Defendant Tonya Troublefield"), is a citizen and resident of Montgomery County, North Carolina.

4.    Upon information and belief, the Defendant, Yvette Daye Troublefield (hereinafter referred to as to the "Defendant Daye Troublefield"), is a citizen and resident of Guilford County, North Carolina.

1

Case 1:21-cv-00731 Document 1-1 Filed 09/21/21 Page 7 of 121

5. The Court has personal jurisdiction and subject matter jurisdiction over the Defendants in this matter as two of them are domiciled in Montgomery County, North Carolina.

6. Venue is proper in Montgomery County, North Carolina.

## FACTUAL BACKGROUND

7. The Plaintiff incorporates by reference Paragraphs 1-6 of this Amended Complaint as if fully restated herein.

8. The Plaintiff owns a building on the corner of North Main Street and West Main Street in Troy, North Carolina, which was formerly a service station, but had been uninhabited for a number of years.

9. For the prior two (2) years, Plaintiff renovated the building and turned it into what is now the "Discovery Uwharrie Welcome Center" (hereinafter "Welcome Center").

10. The Plaintiff owns the building and intends to lease it to the city of Troy for the purposes of maintaining a community welcome center.

11. The Welcome Center was officially opened to the public on October 14, 2020. However, in the week prior to the official opening, there were a number of open houses that were hosted by Plaintiff for different community groups including the county commissioners, the town counsel, mayors, and the public on various nights.

12. On the evening of October 9, 2020, one such open house was being hosted by Plaintiff at the Welcome Center. On that particular evening, either Defendant Tonya Troublefield or Defendant Daye Troublefield was present at the open house. At this time, the current Defendant, Tonya Troublefield, filed an Answer claiming that she was not a proper party and that her daughter, Yvette Daye Troublefield, is the proper Defendant. At this time, the Plaintiff is unable to confirm the identity of the individual who entered the Welcome Center.

2

13.    On the evening of October 9, 2020, either Defendant Tonya Troublefield or Defendant Daye Troublefield entered the Welcome Center shortly after 6:30 p.m.

14.    Shortly after either Defendant Tonya Troublefield or Defendant Daye Troublefield's arrival, Plaintiff approached either Defendant Tonya Troublefield or Defendant Daye Troublefield to hand her a Welcome Center information packet. The Plaintiff handed either Defendant Tonya Troublefield or Defendant Daye Troublefield the information pamphlet and welcomed her to the Welcome Center.

15.    Thereafter, either Defendant Tonya Troublefield or Defendant Daye Troublefield who, upon information and belief, is running for Troy town council, began distributing campaign literature in order to further her campaign.

16.    Several minutes later, either Defendant Tonya Troublefield or Defendant Daye Troublefield approached Plaintiff who, at that time, was talking with two other guests near an exhibit.

17.    Either Defendant Tonya Troublefield or Defendant Daye Troublefield offered her campaign literature to the group of men, which included Plaintiff, Mr. Brady Dickson, and Mr. Max Garner.

18.    When offered the campaign literature, Plaintiff explained to either Defendant Tonya Troublefield or Defendant Daye Troublefield that campaigning was inappropriate at the open house event and politely asked her to stop.

19.    Either Defendant Tonya Troublefield or Defendant Daye Troublefield acknowledged Plaintiff's request, said "okay" and walked away from the group to move to observe an exhibit.

3

20.     There was no other conversation between Plaintiff and either Defendant Tonya Troublefield or Defendant Daye Troublefield at that time. After Plaintiff asked either Defendant Tonya Troublefield or Defendant Daye Troublefield not to campaign during the event, either Defendant Tonya Troublefield or Defendant Daye Troublefield acknowledged the request, and the conversation ceased.

21.     Either Defendant Tonya Troublefield or Defendant Daye Troublefield viewed the exhibit for a few moments, reviewed the Welcome Center pamphlet, and then exited the Welcome Center.

22.     On or about October 17, 2020, Plaintiff became aware of an article on a Facebook social media page that depicted his interactions with either Defendant Tonya Troublefield or Defendant Daye Troublefield in an inaccurate and negative light.

23.     The Facebook post regarding the aforementioned interactions stated, in pertinent part, as follows:

> "A local resident, who is running for a political office, experienced this upon arrival. As she entered, she was offered hors d'oeuvres and encouraged to enjoy the interactive exhibits and multidimensional maps. She recounts, "I felt genuinely welcome. It was a few people there and a group of ladies began to ask me questions about myself. As any person running for a political office, I reached into my bag and handed them a card. The ladies began to ask me about my platform in which I gladly shared. They were very nice and receptive and I appreciated that opportunity. It was time for me to go and as I was exiting, a group of men were standing next to the door. I looked over at the men and, in passing, reached out to hand one of them my cards when a man aggressively approached me. He stood inches away from my face (without a mask) and demanded "You need to leave!" I admit, I was full of fear. I never had anyone approach me in that manner and I was afraid. I apologized and left. Whereas, in the beginning I felt welcome, that experience caused me to not want to visit it again."

4

24.     The above referenced Facebook post was posted on a Facebook page entitled, "MoCo's Voice." Upon information and belief, MoCo's Voice stands for "Montgomery County's Voice."

25.     Upon information and belief, the "MoCo's Voice" Facebook page was formed and run by Defendant Allgood and Defendant Allgood posted the above referenced post, which falsely depicted the events of the evening of October 9, 2020.

26.     The specific post in question alleged that Plaintiff was threatening, intimidating, and had scared either Defendant Tonya Troublefield or Defendant Daye Troublefield and made her feel "unwelcome."

27.     The specific post in question contained insinuations that either Defendant Tonya Troublefield or Defendant Daye Troublefield had been targeted, due to her gender and race, and was intimidated to leave the Welcome Center due to the same.

28.     The specific post in question contains allegations that Plaintiff was improperly without a mask during the event, which is inaccurate. Masks were only removed when an individual was eating or drinking, as Plaintiff was at one time during the events in question. At all other times relevant hereto, masks were properly worn.

29.     The Plaintiff contacted Defendant Allgood and demanded that she immediately remove the aforementioned Facebook post, as its alleged accusations that were inaccurate.

30.     The Defendant Allgood arranged a meeting between herself, Defendant Daye Troublefield, and Plaintiff, which took place on or about October 20, 2020.

31.     The allegations regarding Mr. Dozier's conduct as outlined on the "MoCo's Voice" Facebook page were discussed between Plaintiff, either Defendant Tonya Troublefield or Defendant Daye Troublefield, and Defendant Allgood.

5

32.     At some point, the post on the "MoCo's Voice" Facebook page was deleted, but Plaintiff is not aware of when such occurred.

## COUNT ONE
### (Slander—Defendant Tonya Troublefield)

33.     The Plaintiff incorporates by reference Paragraphs 1-32 of this Amended Complaint as if fully restated herein.

34.     Either Defendant Tonya Troublefield or Defendant Daye Troublefield in speaking to Defendant Allgood, made allegations regarding either Defendant Tonya Troublefield or Defendant Daye Troublefield's interactions with Plaintiff on the evening of October 9, 2020 at the Welcome Center.

35.     The statements made by either Defendant Tonya Troublefield or Defendant Daye Troublefield were reduced to writing by Defendant Allgood, and attached hereto and fully incorporated herein by reference as Exhibit A.

36.     The aforementioned statements were false in that the statements accused Plaintiff of acting aggressively, coming close to either Defendant Tonya Troublefield or Defendant Daye Troublefield's face without a mask, scaring either Defendant Tonya Troublefield or Defendant Daye Troublefield, demanding that either Defendant Tonya Troublefield or Defendant Daye Troublefield leave the Welcome Center, and causing either Defendant Tonya Troublefield or Defendant Daye Troublefield to feel unwelcome and intimidated based upon her sex and race. The Facebook post also implies that others would not be welcome at the Welcome Center. All such accusations made by either Defendant Tonya Troublefield or Defendant Daye Troublefield to Defendant Allgood are false.

6

37.     The accusations made by either Defendant Tonya Troublefield or Defendant Daye Troublefield were made with malice and disregard for the truth.

38.     As a result of either Defendant Tonya Troublefield or Defendant Daye Troublefield's actions in orally making such statements, Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000).

**COUNT TWO**
**(Slander Per Se—Defendant Tonya Troublefield)**

39.     The Plaintiff incorporates by reference Paragraphs 1-38 of this Amended Complaint as if fully restated herein.

40.     Either Defendant Tonya Troublefield or Defendant Daye Troublefield, in speaking to Defendant Allgood, made allegations regarding either Defendant Tonya Troublefield or Defendant Daye Troublefield's interactions with Plaintiff on the evening of October 9, 2020 at the Welcome Center.

41.     The statements made by either Defendant Tonya Troublefield or Defendant Daye Troublefield were reduced to writing by Defendant Allgood, and attached hereto as Exhibit A.

42.     The aforementioned statements were statements that impeached Plaintiff in his trade, business, or profession in that the statements were made directly in relation to the opening of the new Welcome Center and the interactions on the evening of October 9, 2020 were part of an open house event which was hosted prior to the grand opening of the Welcome Center on October 14, 2020.

43.     The Welcome Center is currently owned by Plaintiff and the building was renovated and developed into a welcome center by Plaintiff, at the Plaintiff's expense.

44.     The false statements made by either Defendant Tonya Troublefield or Defendant Daye Troublefield, which were reduced to writing by Defendant Allgood, impeached the Plaintiff

7

Montgomery County community in his trade, business, or profession as the owner of the Welcome Center.

45.     The aforementioned statements were false in that the statements accused Plaintiff of acting aggressively, coming close to either Defendant Tonya Troublefield or Defendant Daye Troublefield's face without a mask, scaring either Defendant Tonya Troublefield or Defendant Daye Troublefield, demanding that either Defendant Tonya Troublefield or Defendant Daye Troublefield leave the Welcome Center, and causing either Defendant Tonya Troublefield or Defendant Daye Troublefield to feel unwelcome and intimidated based upon her sex and race. The Facebook post also implies that others would not be welcome at the Welcome Center. All of the accusations made by either Defendant Tonya Troublefield or Defendant Daye Troublefield to Defendant Allgood are false.

46.     As a result of either Defendant Tonya Troublefield or Defendant Daye Troublefield's actions in orally making such a statement, Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000).

## COUNT THREE
### (Libel—Defendant Allgood)

47.     The Plaintiff incorporates by reference Paragraphs 1-46 of this Amended Complaint as if fully restated herein.

48.     Either Defendant Tonya Troublefield or Defendant Daye Troublefield made false statements to Defendant Allgood, which were reduced to writing by Defendant Allgood and attached hereto as Exhibit A.

49.     The aforementioned statements were false in that the statements accused Plaintiff of acting aggressively, coming close to either Defendant Tonya Troublefield or Defendant Daye Troublefield's face without a mask, scaring either Defendant Tonya Troublefield or Defendant

8

Daye Troublefield, demanding that either Defendant Tonya Troublefield or Defendant Daye Troublefield leave the Welcome Center, and causing either Defendant Tonya Troublefield or Defendant Daye Troublefield to feel unwelcome and intimidated based upon her sex and race. The Facebook post also implies that others would not be welcome at the Welcome Center. All the accusations made by either Defendant Tonya Troublefield or Defendant Daye Troublefield to Defendant Allgood are false.

50.     Upon information and belief, Defendant Allgood published the above referenced statements on the "MoCo's Voice" Facebook page, which falsely depicted the events of the evening of October 9, 2020.

51.     The statements, which were reduced to writing by Defendant Allgood, were false and made by Defendant Allgood with malice and disregard for the truth.

52.     As a result of Defendant Allgood's false, written statement, Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000).

## COUNT FOUR
### (Libel Per Se—Defendant Allgood)

53.     The Plaintiff incorporates by reference Paragraphs 1-52 of this Amended Complaint as if fully restated herein.

54.     The Defendant Allgood runs and operates the Facebook social media page entitled, "MoCo's Voice" which published the above referenced statement attached hereto as Exhibit A.

55.     The aforementioned statements were false in that the statements accused Plaintiff of acting aggressively, coming close to either Defendant Tonya Troublefield or Defendant Daye Troublefield's face without a mask, scaring either Defendant Tonya Troublefield or Defendant Daye Troublefield, demanding that either Defendant Tonya Troublefield or Defendant Daye Troublefield leave the Welcome Center, and causing either Defendant Tonya Troublefield or

9

Defendant Daye Troublefield to feel unwelcome and intimidated based upon her sex and race. The Facebook post also implies that others would not be welcome at the Welcome Center. All the accusations made by either Defendant Tonya Troublefield or Defendant Daye Troublefield to Defendant Allgood are false.

56.     Upon information and belief, Defendant Allgood published the above referenced post on the "MoCo's Voice" Facebook page, which falsely depicted the events of the evening of October 9, 2020.

57.     The aforementioned Facebook posts tends to subject the Plaintiff to ridicule, contempt, or disgrace in that it accused Plaintiff of acting aggressively, coming close to either Defendant Tonya Troublefield or Defendant Daye Troublefield's face without a mask, scaring either Defendant Tonya Troublefield or Defendant Daye Troublefield, asking either Defendant Tonya Troublefield or Defendant Daye Troublefield to leave the Welcome Center, and causing either Defendant Tonya Troublefield or Defendant Daye Troublefield to feel unwelcome, with insinuations that such was done based upon either Defendant Tonya Troublefield or Defendant Daye Troublefield's sex and race. The Facebook post also implies that others would not be welcome at the Welcome Center.

58.     Such written statements subjected Plaintiff to ridicule, contempt, and disgrace within the Montgomery County community.

59.     As a result of Defendant Allgood's actions in publishing such a statement, Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000).

## COUNT FIVE
### (Slander—Defendant Daye Troublefield)

60.     The Plaintiff incorporates by reference Paragraphs 1-59 of this Amended Complaint as if fully restated herein.

10

61.     Either Defendant Tonya Troublefield or Defendant Daye Troublefield in speaking to Defendant Allgood, made allegations regarding her interactions with Plaintiff on the evening of October 9, 2020 at the Welcome Center.

62.     The statements made by either Defendant Tonya Troublefield or Defendant Daye Troublefield were reduced to writing by Defendant Allgood, and attached hereto and fully incorporated herein by reference as Exhibit A.

63.     The aforementioned statements were false in that the statements accused Plaintiff of acting aggressively, coming close to either Defendant Tonya Troublefield or Defendant Daye Troublefield's face without a mask, scaring either Defendant Tonya Troublefield or Defendant Daye Troublefield, demanding that either Defendant Tonya Troublefield or Defendant Daye Troublefield leave the Welcome Center, and causing either Defendant Tonya Troublefield or Defendant Daye Troublefield to feel unwelcome and intimidated based upon her sex and race. The Facebook post also implies that others would not be welcome at the Welcome Center. All such accusations made by either Defendant Tonya Troublefield or Defendant Daye Troublefield to Defendant Allgood are false.

64.     The Defendant Allgood arranged a meeting between herself, Defendant Daye Troublefield, and Plaintiff, which took place on or about October 20, 2020.

65.     As a result of either Defendant Tonya Troublefield or Defendant Daye Troublefield's actions, Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000).

## COUNT SIX
### (Slander Per Se—Defendant Daye Troublefield)

66.     The Plaintiff incorporates by reference Paragraphs 1-65 of this Amended Complaint as if fully restated herein.

11

67.     Either Defendant Tonya Troublefield or Defendant Daye Troublefield, in speaking to Defendant Allgood, made allegations regarding her interactions with Plaintiff on the evening of October 9, 2020 at the Welcome Center.

68.     The statements made by either Defendant Tonya Troublefield or Defendant Daye Troublefield, were reduced to writing by Defendant Allgood, and attached hereto as Exhibit A.

69.     The aforementioned statements were statements that impeached Plaintiff in his trade, business, or profession in that the statements were made directly in relation to the opening of the new Welcome Center and the interactions on the evening of October 9, 2020 were part of an open house event which was hosted prior to the grand opening of the Welcome Center on October 14, 2020.

70.     The Welcome Center is currently owned by Plaintiff and the building was renovated and developed into a welcome center by Plaintiff, at the Plaintiff's expense.

71.     The false statements made by either Defendant Tonya Troublefield or Defendant Daye Troublefield, which were reduced to writing by Defendant Allgood, impeached the Plaintiff in the Montgomery County community in his trade, business, or profession as the owner of the Welcome Center.

72.     The aforementioned statements were false in that the statements accused Plaintiff of acting aggressively, coming close to either Defendant Tonya Troublefield or Defendant Daye Troublefield's face without a mask, scaring either Defendant Tonya Troublefield or Defendant Daye Troublefield, demanding that either Defendant Tonya Troublefield or Defendant Daye Troublefield leave the Welcome Center, and causing either Defendant Tonya Troublefield or Defendant Daye Troublefield to feel unwelcome and intimidated based upon her sex and race. The Facebook post also implies that others would not be welcome at the Welcome Center. All of the

accusations made by either Defendant Tonya Troublefield or Defendant Daye Troublefield to Defendant Allgood are false.

73. The Defendant Allgood arranged a meeting between herself, Defendant Daye Troublefield, and Plaintiff, which took place on or about October 20, 2020.

74. As a result of either Defendant Tonya Troublefield or Defendant Daye Troublefield's actions Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000).

<u>**COUNT SEVEN**</u>
**(Motion for Preliminary & Permanent Injunction—Defendant Allgood, Defendant Tonya Troublefield, and Defendant Daye Troublefield)**

75. The Plaintiff incorporates by reference Paragraphs 1-74 of this Amended Complaint as if fully restated herein.

76. Pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, the Plaintiff respectfully requests that this Court enter a Preliminary Injunction against Defendant Allgood, Defendant Tonya Troublefield, and Defendant Daye Troublefield as set forth below.

77. Absent a Preliminary Injunction, the Plaintiff will suffer irreparable harm in that Defendant Allgood, Defendant Tonya Troublefield, and Defendant Daye Troublefield are likely to continue taking steps in an attempt to sabotage the Plaintiff's reputation by: (1) making false statements regarding Plaintiff's actions at the Welcome Center on the evening of October 9, 2020; (2) making false statements regarding Plaintiff's actions at the Welcome Center on the evening of October 9, 2020 which impeach Plaintiff in his trade, business, or profession; (3) reducing such false statements to writing regarding Plaintiff's actions at the Welcome Center on the evening of October 9, 2020; (4) reducing such false statements to writing which subject Plaintiff to ridicule,

13

contempt, or disgrace; and (5) continuing to damage Plaintiff's reputation by continuing to make slanderous and libelous statements regarding Plaintiff.

78. Any significant delay in stopping Defendant Tonya Troublefield, Defendant Daye Troublefield, and Defendant Allgood from making false, defamatory statements related to Plaintiff's conduct would cause Plaintiff irreparable harm, in that Plaintiff's reputation in the Montgomery County community will continue to suffer.

79. The Plaintiff respectfully requests that this Court enter a Preliminary Injunction: (1) ordering Defendant Allgood, Defendant Tonya Troublefield, and Defendant Daye Troublefield to cease making false statements regarding Plaintiff's actions at the Welcome Center on the evening of October 9, 2020; (2) ordering Defendant Allgood, Defendant Tonya Troublefield, and Defendant Daye Troublefield to cease publishing false statements regarding Plaintiff's actions at the Welcome Center on the evening of October 9, 2020; (3) ordering Defendant Allgood, Defendant Tonya Troublefield, and Defendant Daye Troublefield to cease making any verbal or written statements regarding Plaintiff in order to hinder any further damage to Plaintiff's reputation within the Montgomery County community; and (4) ordering Defendant Allgood to issue a public apology and acknowledgement of inaccuracy on the MoCo's Voice Facebook page.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays unto this Court as follows:

1. That the Plaintiff have and recover from the Defendants, jointly and severally, a sum in excess of Twenty-Five Thousand Dollars ($25,000);

2. That this Court enter a Preliminary Injunction as requested herein;

3. That the costs of this action and attorneys' fees related to this action be taxed against the Defendants; and

4. That the Plaintiff have such other and further relief as this Court deems just and proper.

14

## DEMAND FOR JURY TRIAL

1.    The Plaintiff hereby requests a trial by jury on all issues so triable.



This the _____ day of _____, 2021.


                         **VAN CAMP, MEACHAM & NEWMAN, PLLC**
                         *Attorney for the Plaintiff*


              By:    _____
                         Thomas M. Van Camp, NC State Bar # 16872
                         P.O. Box 1389
                         Pinehurst, NC  28370
                         Telephone: (910) 295-2525
                         Facsimile:  (910) 295-2001
                         thomasv@vancamplaw.com

15




MoCo's Voice
Yesterday at 10:20 AM · ⊗

Not Welcome at the Welcome Center?

Open House at the new welcome center located at the center of Troy brought in people from both Montgomery and Stanly County. Discover Uwharrie Welcome Center, owned by Montgomery County's Tourism and Development Authority's (MCTDA) board chairman Win Dozier, opened its doors Friday, October 9.

Greeters were positioned to receive guests at the door with smiling faces, setting an inviting atmosphere to ensure each visitor felt welcomed.

A local resident, who is running for a political office, experienced this upon arrival. As she entered, she was offered hors d'oeuvres and encouraged to enjoy the interactive exhibits and multidimensional maps. She recounts "I felt genuinely welcome. It was a few people there and a group of ladies began to ask me questions about myself. As any person running for a political office, I reached into my bag and handed them a card. The ladies began to ask me about my platform in which I gladly shared. They were very nice and receptive and I appreciated that opportunity. It was time for me to go and as I was exiting, a group of men were standing next to the door. I looked over at the men and, in passing, reached out to hand one of them my cards when a man aggressively approached me. He stood inches away from my face (without a mask) and demanded "You need to leave!" I admit, I was full of fear. I never had anyone approach me in that manner and I was afraid. I apologized and left. Whereas, in the beginning I felt welcome, that experience caused me to not want to visit it again."

The mayor was contacted and assured her that she would look into it, stating "The Welcome Center is just what the name states and we want

 Write a comment... 

to make sure everyone feels welcome.

According to the MCTDA bylaws the visitor center staffing will be funded by the county's tourism tax dollars. Funds may only be provided while under lease and management by the Town of Troy and while being used as a visitor's center.

No one at the Welcome Center could be reached for comments. See Less

 5        5 Comments

👍 Like    💬 Comment   ↗ Share    ▾

Most Relevant ▾

**Richard Grimes**
I imagine that Campaigning, even unplanned, in the newly opened welcome center was probably not on the agenda for the Grand Opening.

Like  Reply  1d        

**Tisha Mccallum**
And why was everyone not wearing a mask who is running the welcome center since the town is paying the salaries it should be mandatory you have already had a restaurant in Troy working without masks employee test positive for Covid and all the people ... See More

Like  Reply  1d  Edited        ◑ 1

**Tisha Mccallum**
That is sad 😔 you would think they would want everyone to feel welcomed would want their business and commerce to the area but no time and time again these things happen in this county and

 Write a comment   

# VAN CAMP, MEACHAM & NEWMAN, PLLC

## ATTORNEYS AT LAW

THOMAS M. VAN CAMP
EDDIE H. MEACHAM
MICHAEL J. NEWMAN
RICHARD LEE YELVERTON III
WHITNEY P. FOUSHEE
KIMBERLY C. POST
DONALD L. MCLAMB, II
JOHN S. McCOOL
JOSEPH H. KARAM
DAVID M. ALZAMORA

Two Regional Circle (28374)
Post Office Box 1389
Pinehurst, North Carolina, 28370

THOMAS M. VAN CAMP
Attorney at Law
thomasv@vancamplaw.com

LARISA GREEN
Paralegal
larisag@vancamplaw.com

Telephone: (910) 295-2525
Facsimile:  (910) 295-2001

August 20, 2021

<u>VIA OVERNIGHT</u>
Montgomery County Clerk of Court
Attn: CIVIL DIVISION
108 E Main Street
Troy, NC 27371

> RE:  *Win Dozier v. Sherri Allgood & Tonya Yvette Troublefield*
>       *Montgomery County File No. 21 CVS 41*

Dear Madam Clerk:

I have enclosed one original and two copies of our Motion to Amend Complaint and Add a Party Defendant in the above-referenced matter scheduled for Hearing at the Montgomery County Superior Court on November 15th, 2021.

Please file-stamp each document, retain the originals for the Court's file, and return the two copies to our office in the envelope provided.

Should you have any questions, please feel free to contact our office.  Thank you for your considerate attention to this matter.

Sincerely,

VAN CAMP, MEACHAM & NEWMAN, PLLC

Larisa Green, Paralegal
to Thomas M. Van Camp

Enclosures

# VAN CAMP, MEACHAM & NEWMAN, PLLC

### ATTORNEYS AT LAW

THOMAS M. VAN CAMP
EDDIE H. MEACHAM
MICHAEL J. NEWMAN
RICHARD LEE YELVERTON III
WHITNEY P. FOUSHEE
KIMBERLY C. POST
DONALD L. MCLAMB, II
JOHN S. McCOOL
JOSEPH H. KARA
DAVID M. ALZAMORA

Two Regional Circle (28374)
Post Office Box 1389
Pinehurst, North Carolina 28370        ⁝2: 13

THOMAS M. VAN CAMP
Attorney at Law
thomasv@vancamplaw.com

LARISA GREEN
Paralegal
larisag@vancamplaw.com

Telephone: (910) 295-2525
Facsimile:  (910) 295-2001

August 17, 2021

VIA OVERNIGHT
Montgomery County Clerk of Court
Attn: CIVIL DIVISION
108 E Main Street
Troy, NC  27371

> RE:    *Win Dozier v. Sherri Allgood & Tonya Yvette Troublefield*
> *Montgomery County File No. 21 CVS 41*

Dear Madam Clerk:

I have enclosed the following for the above-referenced matter:

1. Original and two copies of our Calendar Request and Notice of Hearing and
2. Check for $20.00 for cost of hearing fee.

If granted, please file-stamp each document, retain the originals for the Court's file, and return the two copies to our office in the envelope provided.

Should you have any questions, please feel free to contact our office.  Thank you for your considerate attention to this matter.

Sincerely,

VAN CAMP, MEACHAM & NEWMAN, PLLC

Larisa Green, Paralegal
to Thomas M. Van Camp

Enclosures

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

Date: _____08/1̲7̲/2021_____

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

File No. ____21-CVS-41____

WIN DOZIER

_____

Plaintiff

vs.

SHERRI ALLGOOD and

TONYA YVETTE TROUBLEFIELD

Defendant

CALENDAR NOTICE

Please place the above captioned matter on the Montgomery County Civil Superior Court
calendar for the _____November 15, 2021, 10:00 am_____ session for:

☒   Motion          Type of Motion _Plaintiff's Motion to Amend Complaint and Add
                                     a Party Defendant

☐   Trial                    ☐     Jury              ☒     Non-Jury

Estimated Length of Hearing:_____30 min._____

Nature of Case _Slander, Slander Per Se, Libel, Libel Per Se, Motion for Preliminary & Permanent Injunction_

_____

Attorney for Plaintiff/Defendant
Address: Thomas M. Van Camp, Esq.
              P.O. Box 1389, Pinehurst, NC 28370
Telephone: (910) 295-2525

Mail Calendar Request to:     Stephanie H. Hinson, Superior Court Judicial Assistant
                               Post Office Box 698
                               Albemarle NC  28002-0698
                               Stephanie.H.Hinson@nccourts.org

And a Copy to: *(Give name and address of opposing counsel and/or unrepresented parties)*
     Brooke M. Crump, Esq., Attorney for Defendants
     P.O. Box 396
     Mount Gilead, NC 27306

This calendar request form shall constitute notice of hearing pursuant to Rule 7(b)(1) of the North Carolina Rules of Civil
Procedure.

## <u>VERIFICATION</u>

The undersigned, being duly sworn and authorized to make this Verification, deposes and says that She has read the foregoing in this matter and knows the contents thereof; that the same is true of her own knowledge except as to those matters and things alleged upon information and belief, and as to those matters and things, she believes them to be true.

This the __8__ day of __May_____, 2021

By: _____
SHERRI ALLGOOD

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

Subscribed and sworn to before me
this the __8__ day of __May_____, 2021

_____
Signature of Notary Public

_____
Printed Name of Notary Public

_____
Date My Commission Expires

[SEAL]

BROOKE M. CRUMP
Notary Public
Montgomery County, North Carolina
My Commission Expires
08/15/2023

## VERIFICATION

The undersigned, being duly sworn and authorized to make this Verification, deposes and says that She has read the foregoing in this matter and knows the contents thereof; that the same is true of her own knowledge except as to those matters and things alleged upon information and belief, and as to those matters and things, she believes them to be true.

This the 28 day of June , 2021

By: _____
SHERRI ALLGOOD

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

Subscribed and sworn to before me
this the 8 day of June , 2021

_____
Signature of Notary Public

Brooke McCrump
Printed Name of Notary Public

August 15, 2023
Date My Commission Expires

[SEAL]

BROOKE M. CRUMP
Notary Public
Montgomery County, North Carolina
My Commission Expires
08/15/2023

STATE OF NORTH CAROLINA
MONTGOMERY COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-41

WIN DOZIER,

                    Plaintiff,        2021 JUL 12  ⊢ 5: 53

            vs.                        )          AMENDED NOTICE OF APPEAL
                                       )
                                       )
SHERRI ALLGOOD and                     )
TONYA YVETTE TROUBLEFIELD,             )
            Defendants.                )
                                       )

NOW COMES Counsel for the Defendants pursuant to Rule 3 of the North Carolina

Rules of Appell                                                    l to the North

Carolina Court                                                    14, 2021, entered on

June 17, 2021,                                                    , 2021 and the court

order signed on                                                   nsel for Defendants

on or about Jun                                                   s.

This the 12th c

                                                                 omitted,

                                                                 RY LAW

                                        Brooke M. Crump
                                        *Counsel for Defendants*
                                        NC State Bar No. 52684
                                        brooke@laketillerylaw.com
                                        PO Box 396
                                        Mount Gilead, NC 27306
                                        Telephone: 336.964.9625
                                        Facsimile: 910.889.8229

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 41

WIN DOZIER,
      Plaintiff,

    v.

SHERRI ALLGOOD
TONYA YVETTE TROUBLEFIELD
      Defendants.

)
)
)
)
)
)
)
)
)
)
)

2021 Jul 12 5:53

R. Momen

## AMENDED CERTIFICATE OF SERVICE

    I, Brooke Crump, do hereby certify that on the 12 day of July, 2021, I served a copy of the foregoing Amended Notice of Appeal upon Counsel for Plaintiff as follows:

    [ ]    Email

    [ ]    By Fax at: (910) 235-0233

    [ ]    Personal-Delivery

    [X]    By deposit in the U.S. Mail addressed as follows and with the correct first-class postage affixed thereto:

        Vancamp, Meacham & Newman, PLLC
        Thomas M. Vancamp
        PO Box 1389
        Pinehurst, NC 28370

This the _____ day of July, 2021.

LAKE TILLERY LAW

Brooke M. Crump
*Counsel for Defendants*
NC State Bar No. 52684
PO Box 396
Mount Gilead, NC 27306
Telephone: 336.964.9625
Facsimile: 910.889.8229

STATE OF NORTH CAROLINA
MONTGOMERY COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-41

WIN DOZIER,

　　　　　　　Plaintiff,　　2021 JUL 12　　5: 53

　　vs.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
　　　　　　　Defendants.

)
)
)
)
)
)　　AMENDED NOTICE OF APPEAL
)
)
)
)
)
)

NOW COMES Counsel for the Defendants pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure, and hereby giving Amended Notice of Appeal to the North Carolina Court of Appeals from the court orders signed by the court on June 14, 2021, entered on June 17, 2021, and served upon counsel for Defendants on or about June 24, 2021 and the court order signed on June 15, 2021, filed on June 21, 2021, and served upon counsel for Defendants on or about June 24, 2021 imposing sanctions on counsel for the Defendants.

This the 12th day of July, 2021.

　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　**LAKE TILLERY LAW**

　　　　　　　　　　　　　　　Brooke M. Crump
　　　　　　　　　　　　　　　*Counsel for Defendants*
　　　　　　　　　　　　　　　NC State Bar No. 52684
　　　　　　　　　　　　　　　brooke@laketillerylaw.com
　　　　　　　　　　　　　　　PO Box 396
　　　　　　　　　　　　　　　Mount Gilead, NC 27306
　　　　　　　　　　　　　　　Telephone: 336.964.9625
　　　　　　　　　　　　　　　Facsimile: 910.889.8229

STATE OF NORTH CAROLINA
MONTGOMERY COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-41

~~FILED~~

2021 JUL 12 P 1: 45

MONTGOMERY CO., C.S.C.

WIN DOZIER,

     Plaintiff,

  vs.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
     Defendants.

)
)
)
)
)
)
)
)
)

**NOTICE OF APPEAL**

  NOW COMES Counsel for the Defendants pursuant to Rule 3 of the North Carolina

Rules of Appellate Procedure, and hereby giving notice of Appeal to the North Carolina Court of

Appeals from the court order for sanctions imposed on counsel for the Defendant signed by the

court on June 15, 2021, filed on June 21, 2021, and served upon counsel for Defendants on or

about June 24, 2021.

This the 12 day of July, 2021.

        Respectfully Submitted,

        **LAKE TILLERY LAW**

        Brooke M. Crump
        *Counsel for Defendants*
        NC State Bar No. 52684
        brooke@laketillerylaw.com
        PO Box 396
        Mount Gilead, NC 27306
        Telephone: 336.964.9625
        Facsimile: 910.889.8229

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 21-CVS-41

WIN DOZIER,

      Plaintiff,

      v.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

PLAINTIFF'S MOTION FOR RULE 11
SANCTIONS

      Pursuant to Rule 11 of the North Carolina Rules of Civil Procedure, Plaintiff Win Dozier, by and through his undersigned counsel, hereby moves for appropriate sanctions, including an Order to pay the Plaintiff's reasonable expenses and attorney's fees, as a result of the filing of two separate Motions to Dismiss by the Defendant Sherri Allgood (hereinafter referred to as the "Defendant Allgood") and the Defendant Tonya Yvette Troublefield (hereinafter referred to as the "Defendant Troublefield"). In support of this Motion, the Plaintiff shows unto the Court as follows:

      1.    On January 28, 2021, the Plaintiff filed a Complaint against the individual Defendants for libel and slander in connection with certain defamatory statements and publications directed at the Plaintiff Win Dozier.

      2.    The Defendant Troublefield was lawfully served with the Plaintiff's Complaint by the Montgomery County Sheriff's Department on February 4, 2021, by sergeant Eric L. Morgan. A true and accurate copy of the Montgomery County Sheriff's Office Civil Paper establishing proper service is attached hereto as Exhibit A and incorporated herein by reference.

1

3.      The Defendant Allgood was served on February 8, 2021, by Deputy "Joshua L. C." A Civil Summons and Montgomery County Sheriff's Office Civil Paper establishing personal service on the Defendant Allgood is attached hereto as Exhibit B and incorporated herein by reference.

4.      On February 8, 2021, the Defendant Allgood, by and through her counsel Brooke M. Crump, filed a Motion to Dismiss citing the following:

1. Rule 12(b)(5) for insufficiency of service of process in that service by publication was not proper;
2. Rule 12(b)(4) for insufficiency of process due to a defective summons;
3. Rule 12(b)(2) for lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process;
4. Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and
5. Rule 12(b)(7) and 19(a) for failure to join a necessary party in that the Town of Troy has not been named as a party to this action nor served with process.

5.      Neither the Defendant Allgood nor attorney Brooke M. Crump filed a Notice of Hearing related to the Motion to Dismiss.

6.      The Defendant Allgood's Motion to Dismiss failed to comply with Rule 7(b)(1) of the North Carolina Rules of Civil Procedure in that the Defendant Allgood failed to state "with particularity" the grounds for the Motion to Dismiss. Specifically, the Defendant Allgood did not provide the factual basis for any of the Defendant's Rule 12(b) Motions.

7.      On February 23, 2021, the Defendant Tonya Yvette Troublefield, by and through her counsel Brooke M. Crump, filed a Motion to Dismiss citing the following:

1. Rule 12(b)(5) for insufficiency of service of process in that service by publication was not proper;
2. Rule 12(b)(4) for insufficiency of process due to a defective summons;

2

3. Rule 12(b)(2) for lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process;

4. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

8. The Defendant Troublefield, by and through her counsel Brooke M. Crump, did not notice the Motion to Dismiss for Hearing.

9. The Defendant Troublefield's Motion to Dismiss did not comply with Rule 7(b)(1) of the North Carolina Rules of Civil Procedure and failed to state "with particularity" the grounds for the Motion. Specifically, the Motion does not state the factual basis for Defendant's reliance on Rule 12(b) of the North Carolina Rules of Civil Procedure.

10. Upon receiving the Defendants' Motions to Dismiss, counsel for the Plaintiff calendared the Defendants' Motions to Dismiss for June 7, 2021. Neither Defendants nor Defendants' counsel made any attempt to notice the Hearing related to their Motions to Dismiss.

11. In light of the fact that the Defendants' Motions to Dismiss did not state with particularity the factual basis upon which the Defendants rely, the Plaintiff served upon the Defendants' counsel Requests for Admissions, Interrogatories, and Requests for Production of Documents. A true and accurate copy of the Plaintiff's discovery requests to the individual Defendants is attached hereto as Exhibit C and D, respectively. The purpose of the discovery was to determine the basis for the Defendants' Motions to Dismiss in order to prepare for the Hearing scheduled June 7, 2021.

12. The Plaintiff served discovery on the Defendant Allgood, by and through her counsel, on March 1, 2021 and served discovery on the Defendant Troublefield, by and through her counsel, on March 2, 2021. Pursuant to Rule 26 of North Carolina Rules of Civil Procedure, the discovery requests to the Defendants, Sherri Allgood and Tonya Yvette Troublefield, were served by e-mail on March 1, 2021 and March 2, 2021, respectively directly to the Defendants'

3

counsel, as evidenced by Exhibit E and F, attached hereto and incorporated herein by reference. Discovery was also sent by mail to the Defendants', Sherri Allgood and Tonya Yvette Troublefield, counsel on March 1, 2021 and March 2, 2021, respectively.

13.     Unbeknownst to Plaintiff or Plaintiff's counsel, counsel for the Defendants filed a Motion for Extension of Time to respond to discovery on April 8, 2021. The Defendants did not serve the counsel for the Plaintiff with a copy of the Motion for Extension of Time or the correspondent Order. See Exhibit G attached hereto and incorporated herein by reference.

14.     The Motion for Extension of Time incorrectly states that the Defendants were served with the Plaintiff's First Requests for Admissions, First Set of Interrogatories, and First Requests for Production of Documents on March 9, 2021. In fact, at the time that the Defendants' counsel filed the Motion for Extension of Time, the time to respond had already expired, including, time to respond to the First Requests for Admissions. Pursuant to Rule 5(b)(1)(a) of the recently amended North Carolina Rules of Civil Procedure, the Defendant Allgood's discovery Responses were due on March 31, 2021, and Defendant Troublefield's discovery Responses were due on April 1, 2021. Even if the Court assumed service by mail, the service would have been effective on March 5, 2021, not March 9, 2021, as represented in the Defendants' Motion for Extension of Time.

15.     Having received no response from the Defendants or Defendants' counsel regarding the discovery Responses, the Plaintiff's counsel e-mailed counsel for the Defendants requesting status of the discovery Responses. A true and accurate copy of the Plaintiff's counsel's e-mail attached hereto as Exhibit H and incorporated herein by reference. After sending the e-mail, the Plaintiff's counsel learned, for the first time, that the Defendants' counsel had obtained

4

the extension of time to answer, although it was based upon a false representation to the Clerk of Court regarding the actual date of service.

16. On or about May 11, 2021, the Plaintiff's counsel received the Defendant Allgood's Responses to the Requests for Admissions which are attached hereto as Exhibit I and incorporated herein by reference. The Requests for Admissions are signed by the Defendants' counsel Brooke M. Crump as well as the Defendant Sherri Allgood and the Defendant Tonya Yvette Troublefield.

17. The Defendants' Responses to Requests for Admissions are combined making it difficult to determine which Responses to Requests for Admissions are the Defendant Allgood's and which are the Defendant Troublefield's. Specifically, the Defendant Allgood's Responses to the Requests for Admissions contain two separate Requests for Admissions Responses, one that was served upon the Defendant Allgood and the other that was served upon the Defendant Troublefield. Likewise, the Defendant Troublefield's Responses to Requests for Admissions contain two separate Responses, one that was served upon the Defendant Allgood and one that was served upon the Defendant Troublefield.

18. On May 11, 2021, the Defendant Troublefield and the Defendant Allgood, by and through their counsel, served upon Plaintiff's counsel Answers to Plaintiff's First Set of Interrogatories. A true an accurate copy of the Defendant Allgood and the Defendant Troublefield's Responses are attached hereto as Exhibit J and K respectively and incorporated herein by reference. The Interrogatories Responses are signed by Defendants' counsel Brooke M. Crump and verified by each Defendant.

19. Rule 11 of the North Carolina Rules of Civil Procedure provides that "signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it

5

is <u>well grounded in fact and is warranted by existing law</u> or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11 goes on to state that if a motion "is signed in a violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

20.     The discovery Responses served by the Defendants and Defendants' counsel clearly establish that their legal position is not based on any fact or a reasonable interpretation of the law and violates the core principles of Rule 11 of the North Carolina Rules of Civil Procedure.

21.     With respect to the Defendant Allgood, the Defendant was asked in the Requests for Admissions to admit that she has "not been served by publication". The Defendant Allgood denied that request. The Defendant Allgood also was asked to admit that she was served by Sheriff on February 8, 2021. The Defendant Allgood also denied that request. The record clearly establishes that the Defendant Allgood was served on February 8, 2021, as evidenced by the Return of Service of Montgomery County Sheriff's Office.

22.     The Plaintiff never attempted to serve the Defendants by publication and the record is lacking any fact or document that would suggest there was ever any attempt by Plaintiff to serve the Defendants by publication. In fact, Rule 4(j1) of the North Carolina Rules of Civil Procedure states a party that cannot with due diligence be served by personal delivery may be served by publication. As the Sheriff of Montgomery County personally served each Defendant service by

6

publication would not be proper. Moreover, there is no reference to any legal advertisement in any newspaper circulated in the County where the action is pending.

23.    According to the Defendants' Responses to Interrogatory #1, the Defendants and the Defendants' counsel take the position that a newspaper article regarding the case published in the Montgomery Harold constitutes an attempt by the Plaintiff to serve by publication. Such a position is not grounded in law or fact and clearly subject to Rule 11 sanctions.

24.    The Defendant Allgood also represents in her Responses to Plaintiff's Interrogatory #1 that she "contends that she nor anyone in her household was ever served with the Complaint". This representation has refuted by the proof of service documents filed by the Montgomery County Sheriff's Department. Her representation also contains a false statement which is sanctionable under Rule 11.

25.    In Interrogatory #2, the Defendant Allgood was asked to state all facts and identify all documents that support the Motion to Dismiss that there was an "insufficiency of process due to a defective summons". In her response she contends that the summons was defective in that "the codefendant named in the summons is not a proper party to this action". The Codefendant is the Defendant Troublefield. There is no factual or legal basis for contending that the summons was defective because the other Defendant is not "proper party". Again, this argument represents clear violation of Rule 11.

26.    In Response to Interrogatory #3, the Defendant Allgood was asked to provide all facts and identify all documents, evidence, or things that support her claim that there is a "lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process". The Defendant Allgood responded that she "has not been properly served by the

7

Plaintiff in this action." The court file and the records of the Montgomery County Sheriff's Department clearly establish that this is a false statement made under oath.

27.     With respect to Interrogatory #4, the Defendant Allgood was asked to provide facts and evidence to support the claim that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Defendant Allgood's Response to this Interrogatory clearly establishes that her Motion to Dismiss, pursuant to Rule 12(b)(6), is frivolous. Specifically, the Response cites no facts and identifies no documents, evidence, or things to support the position. Rather, the Response asserts the attorney client privilege and the attorney work product and states that the Defendant "reserves the right to amend or supplement this response". In fact, there is no response to Interrogatory #4 which is again establishes that the 12(b)(6) Motion to Dismiss was filed in violation of Rule 11.

28.     Finally, the Defendant Allgood asserts in her Response to Interrogatory #5 that Motion to Dismiss for failure to join a necessary party is based upon the position that, as sitting mayor of Troy, acting in her capacity as mayor, the Town of Troy should be a necessary party to this action. There is no allegation containing in the Plaintiff's Complaint to insinuate or even suggest that the Defendant Allgood was acting in her official capacity on behalf of the Town of Troy. Troy has not been sued by the Plaintiff because the Town of Troy was not involved in actual conduct by the Defendants. If the Defendant Allgood believes the Town should be a part to this action, she can simply assert a third-party claim.

29.     The Defendant Troublefield's Responses to the Interrogatories also establish that her Motion to Dismiss is frivolous and violates Rule 11 of the North Carolina Rules of Civil Procedure. Specifically, the Defendant Troublefield makes the same argument as the Defendant

Allgood made asserting that newspaper article in the newspaper about a pending action constitutes service by publication or at least an attempt to serve by publication.

30.     When asked to identify all facts and documents, evidence, or things which support that there was insufficiency of process due to a defective summons, the Defendant Troublefield response is that she "has no knowledge or evidence of any allegations in the complaint nor has she committed any of the specific acts mentioned in the complaint." Her Response speaks to the merits of the case has and absolutely nothing to do with insufficiency of process due to "a defective summons".     Again, this Interrogatory Response clearly establishes that the Defendant Troublefield's Motion to Dismiss with respect to "a defective summons" has no basis in fact or law.

31.     In Response to Interrogatory #3, the Defendant Troublefield states that the Motion to Dismiss for a "lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process" is based on the fact that she was notified about the pending lawsuit by publication, again, apparently referring to a newspaper article.  She goes on falsely state that she is "a current client of Van Camp, Meacham & Newman" in an  apparent attempt to create a conflict of interest which clearly would have nothing to do with the exercise of personal jurisdiction.  In fact, Ms. Troublefield is not a current client of Van Camp, Mecham & Newman and was not a current client of Van Camp, Meacham & Newman at the time the lawsuit was filed and her representation to the contrary is false.  The lawsuit was filed on January 28, 2021. The Van Camp, Meacham & Newman, PLLC represented Ms. Troublefiled on an unrelated matter concluded on December 22, 2020.  See Exhibit L attached hereto and incorporate herein by reference.

9

32.     When asked for factual basis for the Motion to Dismiss for failure to state the claim in Interrogatory #4, the Defendant Troublefield cited the attorney client privilege and the attorney work product and reserved the right to amend or supplement the response. Her Response contains not a single factual or legal basis supporting the Motion to Dismiss pursuant to Rule 12(b)(6).

33.     The Defendants' Motions to Dismiss are not based in law or fact and are clearly an attempt to delay the prosecution of this action. This is evidenced not only by the fact that the counsel for the Defendants refused to calendar the Motions to Dismiss, but also by the failure to demonstrate any factual or legal basis for the positions asserted in the Motions to Dismiss.

34.     Pursuant to Rule 11 of the North Carolina Rules of Civil Procedure, the signature by an attorney certifies that he or she has read the motion to the best of his or her knowledge and information formed, after reasonable inquiry, it is well grounded in fact and is warranted by existing law. The Defendants' Motions to Dismiss are neither well-grounded in fact nor warranted by existing law. In fact, there are no facts to support position based in existing law.

THEREFORE, the Plaintiff, by and through undersigned counsel, respectfully requests that the Court award sanctions to the Plaintiff for reasonable expenses and attorney's fees associated with the defense of the Defendants' frivolous Motions to Dismiss.

This the 20th day of May, 2021.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorney for Plaintiff*

By: _____

Thomas M. Van Camp, N.C. State Bar # 16872
P.O. Box 1389
Pinehurst, NC  28370
Telephone: (910) 295-2525
Facsimile:  (910) 295-2001
thomasv@vancamplaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS** upon the person listed below by depositing the same in a prepaid postage envelope in the United States mail addressed as follows:

*Attorney for Defendants*
Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306
brooke@laketillerylaw.com

This the 20th day of May, 2021.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorney for Plaintiff*

By:  _____
Thomas M. Van Camp, N.C. State Bar # 16872
P.O. Box 1389
Pinehurst, NC  28370
Telephone: (910) 295-2525
Facsimile:  (910) 295-2001
thomasv@vancamplaw.com

12

# Civil Paper
## MONTGOMERY COUNTY SHERIFF'S OFFICE

**EXHIBIT A**

| Civil Number: 21-19921 | Type of Civil Paper: CIVIL SUMMONS AND COMPLAINT | | | | | |
|---|---|---|---|---|---|---|
| Offense: | | Counts: | Subpoena Type: | Incident Number: | File Number: 21CVS41 | DSS Number: |
| County: Montgomery | Date Issued: 01/28/2021 | Time Issued: | Issued By: CLERK OF COURT | | Date Received: 02/04/2021 | Date Expires: |
| Paper Location: WEST SIDE | Agency With Paper: MONTGOMERY COUNTY SHERI | | Assigned Zone: | | Officer With Paper: | |
| Date Taken/Assigned: 02/04/2021 | Status/Type of Service: P - Personal Service | | Date Served: 02/04/2021 | Time Served: | Date Returned: | Officer Serving/Returning: 000877 - Sgt. ERIC L. MORG |
| Date Ret. to Clerk: 02/04/2021 | Service Location: | | | Reason For Non-Service: | | |
| Court Division: | Court Location: TROY, NORTH CAROLINA | | | Court Date: | Court Time: | Courtroom Number: |
| Service Fee: | Date of Endorsement: | Time of Endorsement: | | Sheriff: CHRIS WATKINS | | |
| Care of Name: | Care of Address: | | | Phone Number: | Relationship: | |
| Notes: PAPER BK TO MMA CSC | | | | | | |

## Served To

| Served to Name: TROUBLEFIELD, TONYA YVETTE | | Served to Address: 713 S MAIN ST, Troy, NC 27371 | | Phone Number: | |
|---|---|---|---|---|---|
| Date of Birth: | Age: | Race: | Sex: | Height: | Weight: | Build: | Hair Color: | Hair Style: |
| Hair Length: | Eye Color: | Skin: | Social Security Number: | Driver's License Number: | Driver's License State: |
| Occupation: | Employer: | Employer Address: | | Phone Number: | Ext.: |

## Plaintiff(s)

| Seq. # 1 | Plaintiff Name: DOZIER, WIN | Plaintiff Address: | | Phone Number: | Date of Birth: |
|---|---|---|---|---|---|
| Age: | Race: | Sex: | Employer: | Employer Address: | |
| Phone Number: | Ext.: | AKA: | | | |

## Service Notes

# Civil Paper
## MONTGOMERY COUNTY SHERIFF'S OFFICE


**EXHIBIT B**

| Civil Number:<br>21-19922 | Type of Civil Paper:<br>CIVIL SUMMONS AND COMPLAINT | | | | | |
|---|---|---|---|---|---|---|
| Offense: | | Counts: | Subpoena Type: | Incident Number: | File Number:<br>21CVS41 | DSS Number: |
| County:<br>Montgomery | Date Issued:<br>01/28/2021 | Time Issued: | Issued By:<br>CLERK OF COURT | | Date Received:<br>02/04/2021 | Date Expires: |
| Paper Location:<br>WEST SIDE | Agency With Paper:<br>MONTGOMERY COUNTY SHERI | | Assigned Zone: | | Officer With Paper: | |
| Date Taken/Assigned:<br>02/04/2021 | Status/Type of Service:<br>P - Personal Service | | Date Served:<br>02/08/2021 | Time Served: | Date Returned: | Officer Serving/Returning:<br>001953 - Deputy Joshua L. C |
| Date Ret. to Clerk:<br>02/09/2021 | Service Location: | | | | Reason For Non-Service: | |
| Court Division: | Court Location:<br>TROY, NORTH CAROLINA | | | Court Date: | Court Time: | Courtroom Number: |
| Service Fee: | Date of Endorsement: | | Time of Endorsement: | Sheriff:<br>CHRIS WATKINS | | |
| Care of Name: | | Care of Address: | | Phone Number: | | Relationship: |
| Notes:<br>PAPER BK TO MMA CSC | | | | | | |

## Served To

| Served to Name:<br>ALLGOOD, SHERRI HARRIS | | | Served to Address:<br>435 BRUTON ST, Troy, NC 27371 | | | Phone Number: | |
|---|---|---|---|---|---|---|---|
| Date of Birth: | Age: | Race: | Sex: | Height: | Weight: | Build: | Hair Color: | Hair Style: |
| Hair Length: | Eye Color: | Skin: | Social Security Number: | Driver's License Number: | | Driver's License State: | |
| Occupation: | Employer: | | Employer Address: | | | Phone Number: | Ext.: |

## Plaintiff(s)

| Seq. #<br>1 | Plaintiff Name:<br>DOZIER, WIN | | Plaintiff Address: | | Phone Number: | Date of Birth: |
|---|---|---|---|---|---|---|
| | Age: | Race: | Sex: | Employer: | Employer Address: | |
| | Phone Number: | Ext.: | AKA: | | | |

## Service Notes

|  |
|---|

⌐ORIGINAL

# STATE OF NORTH CAROLINA

_____MONTGOMERY_____ County

| | File No. |
|---|---|
| | 21 CVS 41 |

Name Of Plaintiff
**WIN DOZIER**

Address
c/o Van Camp Meacham & Newman, PLLC P.O. Box 1389

City, State, Zip
Pinehurst, NC 28370

**VERSUS**

In The General Court Of Justice
☐ District  ☒ Superior Court Division

FILED

FEB -9 AM 2:...

MONTGOMERY CO. C.S.C.

BY_____

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Name Of Defendant(s)
**SHERRI ALLGOOD and**
**TONYA YVETTE TROUBLEFIELD**

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

To Each Of The Defendant(s) Named Below:

Montgomery Co. Sheriff

Name And Address Of Defendant 1
**SHERRI ALLGOOD**
**435 Bruton Street**
**Troy, NC 27371-2821**

FEB 04 2021

Name And Address Of Defendant 2

Rec'd. By _____ ✓

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!** Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea Inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**
You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)
THOMAS M. VAN CAMP
VAN CAMP, MEACHAM & NEWMAN, PLLC
P.O. BOX 1389
PINEHURST, NC 28370

| Date Issued | Time |
|---|---|
| 1/28/21 | 4:00 ☐ AM ☒ PM |
| Signature | |
| [signature] | |
| ☑ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time |
|---|---|
| | ☐ AM ☐ PM |
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

(Over)

3- 2/6/21 @ 09:38  NAH
2-2-6-21  1240  and tored off property NAH

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| 2-8-21 | 1943 | ☐ AM  ☒ PM | Sherri Allgood |

☒ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
|  |  | ☐ AM  ☐ PM |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

Service Fee Paid
$

| Date Received | Signature Of Deputy Sheriff Making Return |
|---|---|
| 2-4-21 |  |
| Date Or Return | Name Of Sheriff (type or print) |
|  | J L Carter |
|  | County Or Sheriff |
|  | Marti Jones |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

**STATE OF NORTH CAROLINA**

**COUNTY OF MONTGOMERY**

**IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION FILE NO. 21-CVS-41**

**EXHIBIT C**

|  |  |
|---|---|
| WIN DOZIER,<br><br>    Plaintiff,<br><br>v.<br><br>SHERRI ALLGOOD and<br>TONYA YVETTE TROUBLEFIELD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHERRI ALLGOOD**

NOW COMES Plaintiff, Win Dozier, by and through his undersigned counsel, and pursuant to Rules 26, 33, 34, and 36 of the North Carolina Rules of Civil Procedure serves upon Defendant Sherri Allgood the following written Requests for Admissions, Interrogatories, and Requests for Production of Documents.

## DEFINITIONS AND INSTRUCTIONS

1.      These discovery requests shall be deemed continuing in nature until the date of trial so as to require supplemental answers between the time answers are served and the time of trial, in accordance with Rule 26(e) of the North Carolina Rules of Civil Procedure.

2.      In answering these discovery requests, please furnish all information, knowledge, or belief, however obtained, including hearsay, which is available not only to you, but to your attorneys, investigators, consultants, agents, or other representatives acting upon your behalf, or which appears in your records.

3.      If, after a reasonable and thorough investigation using due diligence, you are unable to fully answer any part of these discovery requests because of lack of information available to you, please so state and answer to the extent possible.  Please specify in full and complete detail

1

the type of information which you claim is not available to you and what has been done by you to locate such information. State whatever information or knowledge is available concerning the unanswered portion of the discovery request, set forth the facts upon which such knowledge or belief is based, and identify the person who has or is likely to have the information which you claim is not available.

4.     If any discovery request calls for information which is not in your possession or subject to your control or ascertainable by you, your attorneys, or others on your behalf upon reasonable inquiry, then, if known, identify the custodian or possessor of such information.

5.     If you refuse to answer any discovery request herein in whole or in part, describe the factual basis for your refusal to answer in sufficient detail to permit the court to adjudicate the validity of your refusal to answer. If any information called for by a discovery request is withheld on the basis of a claim of privilege or attorney work product, please state the claimed basis for withholding the information and the nature of the information withheld, together with a statement of all of the circumstances relied upon to support such a claim. Whenever these discovery requests seek information as to a document claimed to be privileged, please include a statement as to the identity of each such document, the fact of such claim of privilege, and the basis for such claim of privilege.

6.     In lieu of answering the discovery request which requires the identification of documents, you may attach copies of such documents to your answers, identifying which documents are responsive to which discovery request, and state whether you are supplying all or only part of the documents required by the discovery request.

7.     Where appropriate, the use of the singular shall include the plural, and the use of the plural shall include the singular, and the use of the masculine shall include the feminine.

2

8.    The use of the word "or" shall mean "and," as well as "or."

9.    When a discovery request asks for specific information, such as a date or an amount, and the specific information requested is not known to you, such discovery request shall be deemed to ask you to approximate the information requested as best you can, provided that you indicate in your response that the information being provided is an approximation or is incomplete in certain specific respects.

10.    As used herein, the terms "Defendant", "you" or "your" and any synonym thereof and derivative therefrom are intended to, and shall embrace and include the above-named Defendant Sherri Allgood and, in addition, counsel for the Defendant, and all her respective agents, servants, associates, employees, representatives, private investigators, and others who are or who have been in possession or may have obtained information for or on behalf of the Defendant in any manner with respect to any matter referred to in the Plaintiff's Complaint and the Defendant Sherri Allgood's Motion to Dismiss in the above-styled case.

11.    "Identity," "identification," or "identify," when used in reference to an individual person, means to state his or her full name, his or her present home address, his or her present home telephone number, his or her present business address, his or her present business telephone number, and his or her present or last known position and business affiliation.

12.    As used herein, the term "document" shall mean the embodiment, in any form, of any attempt, by any means, to utilize, memorialize, or communicate thoughts or information. It includes originals or drafts of any kind of written or graphic matter, however, produced or reproduced, of any kind or description, whether sent or received or neither, including all outlines and proposals of any such documents (whether or not actually used), and all copies thereof which are different in any way from the original, to which you have or have had access or which may be

3

in your possession, custody, or control, or of which you have knowledge. As such, "document" includes, but is not limited to, any paper, contract, policy, endorsement, book, account, photograph, agreement, correspondence, memorandum, letter, telegram, facsimile, e-mail, text messages, telecopy, object, report, record, notes, intra-office communication, invoice, pamphlet, log, periodical, cable, study, diary, working paper, chart, graph, index, tape, data sheet or data processing care, floppy disk, disk, printed circuit, check, time sheet, ledger, bill, computation, schedule, analysis, summary, instruction, computer memory bank, brief, pleading or other litigation paper, as well as any other tangible thing on which thoughts or information are recorded in writing, sound, pictures, punches, circuits, programs, or other written, recorded, transcribed, filmed, or other graphic matter however produced or reproduced.

13. If you contend that any information, document or other material within the scope of these discovery requests is privileged, or subject to protection as trial preparation material, and therefore not discoverable, please identify each such item in a manner that, without revealing the privileged information, will enable other parties to assess the applicability of the privilege, and provide a complete "privilege log" for each such item. The "privilege log" must provide sufficient information to enable other parties to assess the applicability of the privilege or protection, including, but not limited to the following:

1) identification of the nature of the document;

2) the date on which the document was produced;

3) the name of the author(s) or creator(s) of the document;

4) a list of each and every recipient of the document;

5) the purpose for which the document was produced; and

6) the present location of the item or information.

4

## REQUESTS FOR ADMISSIONS

You are required to have these requests answered separately and fully in writing under oath and to serve a copy of your answers to the following Requests for Admissions on me, within thirty (30) days after service upon you.

1.     Please admit that you have not been served by publication.

Admit ☐     Deny ☐

2.     Please admit that you have been served by Sheriff on February 8, 2021.

Admit ☐     Deny ☐

## INTERROGATORIES

You are required to answer these Interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned within thirty (30) days after service of the Interrogatories.  These Interrogatories are governed by the definitions and instructions set forth above.  Your answers should be based upon all information available to you or your attorneys.

These Interrogatories shall be continuing in nature until the date of trial and you are required to serve supplemental answers as additional information may become available to you or your attorneys.

1.     Please state all facts and identify all documents, evidence or things which support paragraph 1 of your Motion to Dismiss stating that there was an "insufficiency of service of process in that service by publication was not proper".

**RESPONSE:**

2.       Please state all facts and identify all documents, evidence or things which support paragraph 2 of your Motion to Dismiss that there was an "insufficiency of process due to a defective summons".

**RESPONSE:**


3.       Please state all facts and identify all documents, evidence or things which support paragraph 3 of your Motion to Dismiss that there was a "lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process".

**RESPONSE:**


4.       Please state all facts and identify all documents, evidence or things which support paragraph 4 of your Motion to Dismiss that there was a "failure to state a claim upon which relief can be granted".

**RESPONSE:**


5.       Please state all facts and identify all documents, evidence or things which support paragraph 5 of your Motion to Dismiss stating that "failure to join a necessary party in that the Town of Troy has not been named as a party to this action nor served with process".

**RESPONSE:**

6

# REQUESTS FOR PRODUCTION OF DOCUMENTS

You are requested to produce and permit the Plaintiff, or someone acting on his behalf, to inspect and copy all documents listed below, on the thirtieth (30th) day following service of this request, or on the first working day thereafter, if it falls on a Saturday, Sunday or holiday, at 9:00 a.m., at the office of Van Camp, Meacham & Newman, PLLC, unless copies of the requested documents are first mailed to the attorney for the Plaintiff, or unless some arrangements are made between the attorneys for the parties.

These Requests for Production of Documents are continuing until the date of trial, and you are required to serve supplemental answers as additional information may become available to you or your attorneys.

1.      Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph 1 of your Motion to Dismiss that there was an "insufficiency of service of process in that service by publication was not proper".

**RESPONSE:**

2.      Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph 2 of your Motion to Dismiss that there was an "insufficiency of process due to a defective summons".

**RESPONSE:**

7

3.      Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph 3 of your Motion to Dismiss that there was a "lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process".

**RESPONSE:**


4.      Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph 4 of your Motion to Dismiss that there was a "failure to state a claim upon which relief can be granted".

**RESPONSE:**


5.      Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph 5 of your Motion to Dismiss stating that "failure to join a necessary party in that the Town of Troy has not been named as a party to this action nor served with process".

**RESPONSE:**

8

This the __1__ day of March, 2021.

VAN CAMP, MEACHAM & NEWMAN, PLLC
*Attorneys for Plaintiff*

By: _____

Thomas M. Van Camp, N.C. State Bar # 16872
Amanda L. Gainer, N.C. State Bar #49569
P.O. Box 1389
Pinehurst, NC 28370
Telephone: (910) 295-2525
Facsimile: (910) 295-2001
thomasv@vancamplaw.com
amanda@vancamplaw.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT SHERRI ALLGOOD** upon the persons listed below by depositing the same in a prepaid postage envelope in the United States mail addressed as follows:

*Attorney for Defendant Sherri Allgood*
Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306
brooke@laketillerylaw.com

Tonya Yvette Troublefield
713 S Main Street
Troy, NC 27371

This the _____ day of March, 2021.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorneys for Plaintiff*

By:

Thomas M. Van Camp, N.C. State Bar # 16872
Amanda L. Gainer, N.C. State Bar #49569
P.O. Box 1389
Pinehurst, NC 28370
Telephone: (910) 295-2525
Facsimile: (910) 295-2001
thomasv@vancamplaw.com
amanda@vancamplaw.com

10

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 21-CVS-41

**EXHIBIT D**

WIN DOZIER,

       Plaintiff,

    v.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)

**PLAINTIFF'S FIRST REQUESTS FOR
ADMISSIONS, FIRST SET OF
INTERROGATORIES AND FIRST
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT
TONYA YVETTE TROUBLEFIELD**

NOW COMES Plaintiff, Win Dozier, by and through his undersigned counsel, and pursuant to Rules 26, 33, 34, and 36 of the North Carolina Rules of Civil Procedure serves upon Defendant Tonya Yvette Troublefield the following written Requests for Admissions, Interrogatories, and Requests for Production of Documents.

## DEFINITIONS AND INSTRUCTIONS

1.     These discovery requests shall be deemed continuing in nature until the date of trial so as to require supplemental answers between the time answers are served and the time of trial, in accordance with Rule 26(e) of the North Carolina Rules of Civil Procedure.

2.     In answering these discovery requests, please furnish all information, knowledge, or belief, however obtained, including hearsay, which is available not only to you, but to your attorneys, investigators, consultants, agents, or other representatives acting upon your behalf, or which appears in your records.

3.     If, after a reasonable and thorough investigation using due diligence, you are unable to fully answer any part of these discovery requests because of lack of information available to you, please so state and answer to the extent possible. Please specify in full and complete detail

1

the type of information which you claim is not available to you and what has been done by you to locate such information. State whatever information or knowledge is available concerning the unanswered portion of the discovery request, set forth the facts upon which such knowledge or belief is based, and identify the person who has or is likely to have the information which you claim is not available.

4. If any discovery request calls for information which is not in your possession or subject to your control or ascertainable by you, your attorneys, or others on your behalf upon reasonable inquiry, then, if known, identify the custodian or possessor of such information.

5. If you refuse to answer any discovery request herein in whole or in part, describe the factual basis for your refusal to answer in sufficient detail to permit the court to adjudicate the validity of your refusal to answer. If any information called for by a discovery request is withheld on the basis of a claim of privilege or attorney work product, please state the claimed basis for withholding the information and the nature of the information withheld, together with a statement of all of the circumstances relied upon to support such a claim. Whenever these discovery requests seek information as to a document claimed to be privileged, please include a statement as to the identity of each such document, the fact of such claim of privilege, and the basis for such claim of privilege.

6. In lieu of answering the discovery request which requires the identification of documents, you may attach copies of such documents to your answers, identifying which documents are responsive to which discovery request, and state whether you are supplying all or only part of the documents required by the discovery request.

7. Where appropriate, the use of the singular shall include the plural, and the use of the plural shall include the singular, and the use of the masculine shall include the feminine.

2

8.     The use of the word "or" shall mean "and," as well as "or."

9.     When a discovery request asks for specific information, such as a date or an amount, and the specific information requested is not known to you, such discovery request shall be deemed to ask you to approximate the information requested as best you can, provided that you indicate in your response that the information being provided is an approximation or is incomplete in certain specific respects.

10.    As used herein, the terms "Defendant", "you" or "your" and any synonym thereof and derivative therefrom are intended to, and shall embrace and include the above-named Defendant Tonya Yvette Troublefield and, in addition, counsel for the Defendant, and all her respective agents, servants, associates, employees, representatives, private investigators, and others who are or who have been in possession or may have obtained information for or on behalf of the Defendant in any manner with respect to any matter referred to in the Plaintiff's Complaint and the Defendant Tonya Yvette Troublefield's Motion to Dismiss in the above-styled case.

11.    "Identity," "identification," or "identify," when used in reference to an individual person, means to state his or her full name, his or her present home address, his or her present home telephone number, his or her present business address, his or her present business telephone number, and his or her present or last known position and business affiliation.

12.    As used herein, the term "document" shall mean the embodiment, in any form, of any attempt, by any means, to utilize, memorialize, or communicate thoughts or information.  It includes originals or drafts of any kind of written or graphic matter, however, produced or reproduced, of any kind or description, whether sent or received or neither, including all outlines and proposals of any such documents (whether or not actually used), and all copies thereof which are different in any way from the original, to which you have or have had access or which may be

3

in your possession, custody, or control, or of which you have knowledge. As such, "document" includes, but is not limited to, any paper, contract, policy, endorsement, book, account, photograph, agreement, correspondence, memorandum, letter, telegram, facsimile, e-mail, text messages, telecopy, object, report, record, notes, intra-office communication, invoice, pamphlet, log, periodical, cable, study, diary, working paper, chart, graph, index, tape, data sheet or data processing care, floppy disk, disk, printed circuit, check, time sheet, ledger, bill, computation, schedule, analysis, summary, instruction, computer memory bank, brief, pleading or other litigation paper, as well as any other tangible thing on which thoughts or information are recorded in writing, sound, pictures, punches, circuits, programs, or other written, recorded, transcribed, filmed, or other graphic matter however produced or reproduced.

13.    If you contend that any information, document or other material within the scope of these discovery requests is privileged, or subject to protection as trial preparation material, and therefore not discoverable, please identify each such item in a manner that, without revealing the privileged information, will enable other parties to assess the applicability of the privilege, and provide a complete "privilege log" for each such item. The "privilege log" must provide sufficient information to enable other parties to assess the applicability of the privilege or protection, including, but not limited to the following:

    1)  identification of the nature of the document;

    2)  the date on which the document was produced;

    3)  the name of the author(s) or creator(s) of the document;

    4)  a list of each and every recipient of the document;

    5)  the purpose for which the document was produced; and

    6)  the present location of the item or information.

Case 1:21-cv-00731   Document 1-1   Filed 09/21/21   Page 61 of 121

## REQUESTS FOR ADMISSIONS

You are required to have these requests answered separately and fully in writing under oath and to serve a copy of your answers to the following Requests for Admissions on me, within thirty (30) days after service upon you.

1.      Please admit that you have not been served by publication.

Admit ☐      Deny ☐

2.      Please admit that you have been served by Sheriff on February 4, 2021.

Admit ☐      Deny ☐

## INTERROGATORIES

You are required to answer these Interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned within thirty (30) days after service of the Interrogatories. These Interrogatories are governed by the definitions and instructions set forth above. Your answers should be based upon all information available to you or your attorneys.

These Interrogatories shall be continuing in nature until the date of trial and you are required to serve supplemental answers as additional information may become available to you or your attorneys.

1.      Please state all facts and identify all documents, evidence or things which support paragraph 1 of your Motion to Dismiss stating that there was an "insufficiency of service of process in that service by publication was not proper".

**RESPONSE:**

5

2.     Please state all facts and identify all documents, evidence or things which support paragraph 2 of your Motion to Dismiss that there was an "insufficiency of process due to a defective summons".

**RESPONSE:**


3.     Please state all facts and identify all documents, evidence or things which support paragraph 3 of your Motion to Dismiss that there was a "lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process".

**RESPONSE:**


4.     Please state all facts and identify all documents, evidence or things which support paragraph 4 of your Motion to Dismiss that there was a "failure to state a claim upon which relief can be granted".

**RESPONSE:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are requested to produce and permit the Plaintiff, or someone acting on his behalf, to inspect and copy all documents listed below, on the thirtieth (30th) day following service of this request, or on the first working day thereafter, if it falls on a Saturday, Sunday or holiday, at 9:00 a.m., at the office of Van Camp, Meacham & Newman, PLLC, unless copies of the requested documents are first mailed to the attorney for the Plaintiff, or unless some arrangements are made between the attorneys for the parties.

6

These Requests for Production of Documents are continuing until the date of trial, and you are required to serve supplemental answers as additional information may become available to you or your attorneys.

1.    Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph 1 of your Motion to Dismiss that there was an "insufficiency of service of process in that service by publication was not proper".

**RESPONSE:**


2.    Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph 2 of your Motion to Dismiss that there was an "insufficiency of process due to a defective summons".

**RESPONSE:**


3.    Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph 3 of your Motion to Dismiss that there was a "lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process".

**RESPONSE:**


4.    Please produce for the Plaintiff's inspection and coping all documents in your custody, control or possession which constitute, evidence, refer, relate, and/or support paragraph

7

4 of your Motion to Dismiss that there was a "failure to state a claim upon which relief can be granted".

**RESPONSE:**

This the 2 day of March, 2021.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorneys for Plaintiff*

By: _____

Thomas M. Van Camp, N.C. State Bar # 16872
Amanda L. Gainer, N.C. State Bar #49569
P.O. Box 1389
Pinehurst, NC 28370
Telephone: (910) 295-2525
Facsimile: (910) 295-2001
thomasv@vancamplaw.com
amanda@vancamplaw.com

8

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT TONYA YVETTE TROUBLEFIELD** upon the person listed below by depositing the same in a prepaid postage envelope in the United States mail addressed as follows:

*Attorney for Defendants*
Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306
brooke@laketillerylaw.com

This the ___2___ day of March, 2021.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorneys for Plaintiff*

By: _____

Thomas M. Van Camp, N.C. State Bar # 16872
Amanda L. Gainer, N.C. State Bar #49569
P.O. Box 1389
Pinehurst, NC 28370
Telephone: (910) 295-2525
Facsimile: (910) 295-2001
thomasv@vancamplaw.com
amanda@vancamplaw.com

9

**Larisa Green**

| | |
|---|---|
| **From:** | Larisa Green |
| **Sent:** | Monday, March 1, 2021 3:08 PM |
| **To:** | brooke@laketillerylaw.com |
| **Cc:** | Tom VanCamp |
| **Subject:** | Dozier v. Allgood et al., 21-CVS-41; Ptf's 1st Set of Discovery |
| **Attachments:** | Ptf's 1st Set of Discovery.pdf |

Good afternoon, Ms. Crump.

I have attached a copy of Plaintiff's First Set of Discovery to Defendant Sherri Allgood in the above-mentioned matter. I will be mailing you a hard copy of the document.

Sincerely,

Larisa Green
Paralegal to Thomas Van Camp
Van Camp, Meacham & Newman, PLLC
2 Regional Circle
Pinehurst, NC 28374
Tel: 910-295-2525
Fax: 910-295-5101
Email: larisag@vancamplaw.com

CONFIDENTIAL & PRIVILEGED
Unless otherwise indicated or obvious from the nature of the above communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.

# VAN CAMP, MEACHAM & NEWMAN, PLLC
## ATTORNEYS AT LAW

THOMAS M. VAN CAMP*
EDDIE H. MEACHAM
MICHAEL J. NEWMAN
RICHARD LEE YELVERTON III
WHITNEY P. FOUSHEE
KIMBERLY C. POST
AMANDA L. GAINER
DONALD L. MCLAMB, II
JOSEPH H. KARAM

\* Certified Superior Court
   Mediator

Two Regional Circle (28374)
Post Office Box 1389
Pinehurst, North Carolina 28370

THOMAS M. VAN CAMP
Attorney at Law
thomasv@vancamplaw.com

LARISA GREEN
Paralegal
larisag@vancamplaw.com

Telephone: (910) 295-2525
Facsimile:  (910) 295-2001

March 1, 2021

Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306

RE:    *Win Dozier v. Sherri Algood et al.*
         Montgomery County File No. 21-CVS-41

Dear Ms. Crump:

I have enclosed Plaintiff's First Set of Discovery to Defendant Sherri Allgood in the above-referenced matter.

Should you have any questions, please feel free to contact our office.

Sincerely,

VAN CAMP, MEACHAM & NEWMAN, PLLC

Larisa Green, Paralegal
to Thomas M. Van Camp

Enclosures
cc:    Ms. Tonya Yvette Troublefield

**Larisa Green**

| | |
|---|---|
| **From:** | Larisa Green |
| **Sent:** | Tuesday, March 2, 2021 11:16 AM |
| **To:** | Brooke Crump |
| **Cc:** | Tom VanCamp |
| **Subject:** | Dozier v. Allgood et al., 21-CVS-41 - Ptf's 1st Set of Discovery to Def. Troublefield |
| **Attachments:** | Ptf's 1st Set of Discovery to Def. Troublefield.pdf |

Good morning, Ms. Crump.

I have attached a copy of Plaintiff's First Set of Discovery to Defendant Tonya Yvette Troublefield in the above-referenced matter. I will be mailing you a hard copy of the document.

Sincerely,

Larisa Green
Paralegal to Thomas Van Camp
Van Camp, Meacham & Newman, PLLC
2 Regional Circle
Pinehurst, NC 28374
Tel: 910-295-2525
Fax: 910-295-5101
Email: larisag@vancamplaw.com

CONFIDENTIAL & PRIVILEGED
Unless otherwise indicated or obvious from the nature of the above communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.

# VAN CAMP, MEACHAM & NEWMAN, PLLC
### ATTORNEYS AT LAW

THOMAS M. VAN CAMP*
EDDIE H. MEACHAM
MICHAEL J. NEWMAN
RICHARD LEE YELVERTON III
WHITNEY P. FOUSHEE
KIMBERLY C. POST
AMANDA L. GAINER
DONALD L. MCLAMB, II
JOSEPH H. KARAM

Two Regional Circle (28374)
Post Office Box 1389
Pinehurst, North Carolina 28370

THOMAS M. VAN CAMP
Attorney at Law
thomasv@vancamplaw.com

LARISA GREEN
Paralegal
larisag@vancamplaw.com

\* **Certified Superior Court Mediator**

March 2, 2021

Telephone: (910) 295-2525
Facsimile:  (910) 295-2001

Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306

RE:   *Win Dozier v. Sherri Allgood et al.*
Montgomery County File No. 21-CVS-41

Dear Ms. Crump:

I have enclosed Plaintiff's First Set of Discovery to Defendant Tonya Yvette Troublefield in the above-referenced matter.

Should you have any questions, please feel free to contact our office.

Sincerely,

VAN CAMP, MEACHAM & NEWMAN, PLLC

Larisa Green, Paralegal
to Thomas M. Van Camp

Enclosures

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

FILED

2021 APR -8 P 3: 12

MONTGOMERY CO., C.S.C

BY _____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVD 53

WIN DOZIER

Plaintiff,

v.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
Defendants.

)
)
)
)
)
)
)
)
)
)

MOTION FOR EXTENSION OF
TIME

**NOW COMES** Defendants, pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, moves the Court for a thirty (30) day extension of time, and respectfully move the Court to enlarge the time for responding to Plaintiffs' Request and in support thereof, show unto the Court the following:

1. Defendants were served with Plaintiff's First Requests for Admissions, First Set of Interrogatories, and First Requests for Production of Documents to Defendants on or about March 9, 2021.

2. The time for responding to the first set of production has not yet expired.

3. This motion is made in good faith, and not for the purpose of delay.

**WHEREFORE**, Defendants, respectfully move the Court, pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, to extend the time for responding to Plaintiffs' request an additional thirty (30) days, to May 10, 2021.

THIS the 8th day of April, 2021.

**LAKE TILLERY LAW**

Brooke McIntosh Crump
*Attorney for the Defendants*
NC Bar No. 52684
brooke@laketillerylaw.com
PO Box 396
Mount Gilead, NC 27306
(P): 910-439-3070
(F): 910-889-8229

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

FILED

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVD 53

2021 APR -8 P 3: 14

WIN DOZIER

Plaintiff,

MONTGOMERY CO., C.S.C

BY _____

v.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
Defendants.

)
)
)
)
)
)
)
)
)
)

ORDER FOR EXTENSION OF
TIME

This matter was heard by the undersigned upon Defendant's motion, and it appearing
that the *time* for responding to Plaintiff's complaint has not yet expired, and that good
cause has been shown;

IT IS THEREFORE **ORDERED** that Defendant shall have to and including 10 day of
May , 2021 within which to *respond* or otherwise respond to
Plaintiff's complaint.

This the 8th day of April, 2021.

Robin Maness
Assistant Clerk

**Larisa Green**

| | |
|---|---|
| **From:** | Larisa Green |
| **Sent:** | Thursday, April 8, 2021 12:38 PM |
| **To:** | 'Brooke Crump' |
| **Cc:** | Tom VanCamp |
| **Subject:** | Dozier v. Allgood et al., 21-CVS-41 - Defs' Responses to 1st Set of Discovery |

Good afternoon, Ms. Crump.

Would you please advise us to the status of your clients' Responses to our First Set of Discovery? I checked through our file and it appears that we do not have copies of the Responses. They were due on 3/31 for Def. Allgood and 4/1 for Def. Troublefield. If I happened to miss or misplace your Motion for Extension of Time, could you please e-mail me its copy?

Sincerely,

Larisa Green
Paralegal to Thomas Van Camp
Van Camp, Meacham & Newman, PLLC
2 Regional Circle
Pinehurst, NC 28374
Tel: 910-295-2525
Fax: 910-295-5101
Email: larisag@vancamplaw.com

CONFIDENTIAL & PRIVILEGED
Unless otherwise indicated or obvious from the nature of the above communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.

**EXHIBIT I**

STATE OF NORTH CAROLINA
MONTGOMERY COUNTY

IN THE GENERAL COURT OF
SUPERIOR COURT DIVISION
21-CVS-41

WIN DOZIER,

        Plaintiff,      )

    VS.            )

               )

               )

               )

               )

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,  )

        Defendants.  )

**DEFENDANT ALLGOOD'S
OBJECTIONS AND FIRST
RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR
ADMISSIONS**

Defendant Sherri Allgood, pursuant to Rules 26 and 34 of the North Carolina Rules of Civil Procedure, serves these Answers to Defendant's First Request for Admissions.

## FIRST RESPONSES TO REQUEST FOR ADMISSIONS

### REQUESTS FOR ADMISSIONS

You are required to have these requests answered separately and fully in writing under oath and to serve a copy of your answers to the following Requests for Admissions on me, within thirty (30) days after service upon you.

1.    Please admit that you have not been served by publication.

Admit ☐    Deny ☒

2.    Please admit that you have been served by Sheriff on February 4, 2021.

Admit ☐    Deny ☒ .

# REQUESTS FOR ADMISSIONS

You are required to have these requests answered separately and fully in writing under oath and to serve a copy of your answers to the following Requests for Admissions on me, within thirty (30) days after service upon you.

1.    Please admit that you have not been served by publication.

Admit ☐     Deny ☒

2.    Please admit that you have been served by Sheriff on February 8, 2021.

Admit ☐     Deny ☒

This the 8th day of May, 2021

Respectfully submitted,

LAKE TILLERY LAW

Brooke M. Crump
*Counsel for Defendants*
NC State Bar No. 52684
brooke@laketillerylaw.com
PO Box 396
Mount Gilead, NC 27306
Telephone: 910.439.3070
Facsimile: 910.889.8229

**VERIFICATION**

The undersigned, being duly sworn and authorized to make this Verification, deposes and says that She has read the foregoing Admissions in this matter and knows the contents thereof; that the same is true of her own knowledge except as to those matters and things alleged upon information and belief, and as to those matters and things, she believes them to be true.

This the 8 day of MAY , 2021

By: _____
SHERRI ALLGOOD

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

Subscribed and sworn to before me
this the 8 day of May , 2021

_____
Signature of Notary Public

Brooke McCrump
Printed Name of Notary Public

August 15, 2023
Date My Commission Expires

[SEAL]

BROOKE M. CRUMP
Notary Public
Montgomery County, North Carolina
My Commission Expires
08/15/2023

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all other parties to this action, or their attorneys of record by depositing a copy of the same in an envelope, postage prepaid, in an official depository of the U.S. Postal Service, addressed as follows:

Van Camp Meacham & Newman, PLLC
PO Box 1389
Pinehurst, NC 28370

This the 8th day of May 2021.

LAKE TILLERY LAW

Brooke McIntosh Crump
*Attorney at Law*
Lake Tillery Law
108 North Main Street
PO Box 396
Mount Gilead, NC 27306
P: (910) 439-3070
F: (910) 889-8229

STATE OF NORTH CAROLINA
MONTGOMERY COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-41

WIN DOZIER,

        Plaintiff,

        VS.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**DEFENDANT TROUBLEFIELD'S
OBJECTIONS AND FIRST
RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR
ADMISSIONS**

Defendant Tonya Yvette Troublefield, pursuant to Rules 26 and 34 of the North Carolina Rules of Civil Procedure, serves these Answers to Defendant's First Request for Admissions.

## FIRST RESPONSES TO REQUEST FOR ADMISSIONS

### REQUESTS FOR ADMISSIONS

You are required to have these requests answered separately and fully in writing under oath and to serve a copy of your answers to the following Requests for Admissions on me, within thirty (30) days after service upon you.

1.    Please admit that you have not been served by publication.

Admit ☐    Deny ☒

2.    Please admit that you have been served by Sheriff on February 8, 2021.

Admit ☐    Deny ☒

# REQUESTS FOR ADMISSIONS

You are required to have these requests answered separately and fully in writing under oath and to serve a copy of your answers to the following Requests for Admissions on me, within thirty (30) days after service upon you.

1. Please admit that you have not been served by publication.

Admit ☐    Deny ☒

2. Please admit that you have been served by Sheriff on February 4, 2021.

Admit ☐    Deny ☐

Admitted in part, Denied in part. Defendant admits to being served by Sheriff on February 4, 2021. However, Plaintiff first provided Montgomery Herald with complaint to serve by publication on February 3, 2021.

This the 8th day of May, 2021

Respectfully submitted,

**LAKE TILLERY LAW**

Brooke M. Crump
*Counsel for Defendants*
NC State Bar No. 52684
brooke@laketillerylaw.com
PO Box 396
Mount Gilead, NC 27306
Telephone: 910.439.3070
Facsimile: 910.889.8229

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVD 53

WIN DOZIER                      )
                 Plaintiff.     )
                                )
                                )
          v.                    )               Verification
                                )
SHERRI ALLGOOD and              )
TONYA YVETTE TROUBLEFIELD.       )
                 Defendants.    )

Defendant Tonya Yvette Troublefield being first duly sworn. deposes and says that s/he has read
the foregoing responses and that the same are true of his/her own knowledge and belief. except
as to matters and things therein alleged upon information and belief. and as to those. s/he
believes them to be true.


_Tonya Yvette Troublefield_

Tonya Yvette Troublefield


Sworn and subscribed before me this 8th day of May, 2021.


_Brooke M. Crump_

Notary Public

My Commission Expires: _August 15, 2023_

BROOKE M. CRUMP
Notary Public
Montgomery County, North Carolina
My Commission Expires
08/15/2023

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all other parties to this action, or their attorneys of record by depositing a copy of the same in an envelope, postage prepaid, in an official depository of the U.S. Postal Service, addressed as follows:

Van Camp Meacham & Newman, PLLC
PO Box 1389
Pinehurst, NC 28370

This the 8th day of May 2021.

LAKE TILLERY LAW

Brooke McIntosh Crump
*Attorney at Law*
Lake Tillery Law
108 North Main Street
PO Box 396
Mount Gilead, NC 27306
P: (910) 439-3070
F: (910) 889-8229

STATE OF NORTH CAROLINA
MONTGOMERY COUNTY

IN THE GENERAL COURT OF
SUPERIOR COURT DIVISION
21-CVS-41

WIN DOZIER,

        Plaintiff,   )

VS.            )
                   )
                   )
                   )

**DEFENDANT ALLGOOD'S
OBJECTIONS AND FIRST
ANSWERS TO PLAINTIFF'S
FIRST SET OF
INTERROGATORIES**

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
        Defendants.

Defendant Tonya Yvette Troublefield, pursuant to Rules 26 and 34 of the North Carolina Rules of Civil Procedure, serves these Objections and First Responses to Defendant's First Request for Production of Documents.

## GENERAL OBJECTIONS

1. Defendant Troublefield's responses are based upon her current knowledge and belief. Nothing contained herein shall be deemed an admission by Plaintiff regarding the existence of any information or document, or the relevance or admissibility of any information or document for any purpose.

2. Defendant Troublefield's investigation and search for documents and information are ongoing. As a result, her answers concerning documents and information obtained and reviewed to date and are provided without prejudice to its right to amend or supplement her answers after considering documents and information obtained or reviewed through further investigation.

3. Defendant Troublefield objects to each interrogatory to the extent it seeks information from Plaintiff in any capacity other than her capacity as a Defendant. Defendant Troublefield makes her answers to the interrogatories only in her capacity as a Defendant. Nothing in the answers should be construed to the contrary.

4. Defendant Troublefield objects to all Requests that seek information protected by the attorney-client privilege and/or work product immunity. Defendant Troublefield hereby asserts such privilege and immunity.

## OBJECTIONS AND FIRST ANSWERS TO INTERROGATORIES

## DEFENDANT ALLGOOD'S OBJECTIONS AND FIRST ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

1

1. Please state all facts and identify all documents, evidence or things which support paragraph 1 of your Motion to Dismiss stating that there was an "insufficiency of service of process in that service by publication was not proper".

**RESPONSE:** Prior to any attempts to serve Defendant Allgood, the Montgomery Herald published the facts of the complaint notifying Defendant of the claim against her and included all the facts that publication would require. Further, the Montgomery Herald would have been a proper forum for service by publication had the Plaintiff met the burden for serving Defendant by publication. Lastly Defendant Allgood contends that she nor anyone in her household was ever served with the complaint.

2. Please state all facts and identify all documents, evidence or things which support paragraph 2 of your Motion to Dismiss that there was an "insufficiency of process due to a defective summons".

**RESPONSE:** Defendant Allgood contends that the summons was defective in that the co-defendant named in the summons is not a proper party to this action.

3. Please state all facts and identify all documents, evidence or things which support paragraph 3 of your Motion to Dismiss that there was a "lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process".

**RESPONSE:** Defendant Allgood has not been properly served by Plaintiffs in this action.

4. Please state all facts and identify all documents, evidence or things which support paragraph 4 of your Motion to Dismiss that there was a "failure to state a claim upon which relief can be granted".

**RESPONSE:** Defendant objects to Interrogatory No. 4 in that it is overly broad, unduly burdensome. Further, Defendant further objects to the extend that the request seeks information protected by attorney-client privilege and the attorney work-product doctrine. Without waiving the foregoing objections, Defendant reserves the right to amend or supplement this response, as necessary, during the course of this proceeding, subject to Rule 26(e) of the North Carolina Rules of Civil Procedure.

5. Please state all facts and identify all documents, evidence or things which support paragraph 5 of your Motion to Dismiss stating that "failure to join a necessary party in that the Town of Troy has not been named as a party to this action nor served with process".

**RESPONSE:** In regards to Interrogatory No. 5, Defendant Allgood contends that as the sitting mayor of Troy acting in her capacity as mayor, the Town of Troy would be a necessary party to this action.

DEFENDANT ALLGOOD'S OBJECTIONS AND FIRST ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

2

This the 8th day of May, 2021

Respectfully submitted,

LAKE TILLERY LAW

Brooke M. Crump
*Counsel for Defendants*
NC State Bar No. 52684
brooke@laketillerylaw.com
PO Box 396
Mount Gilead, NC 27306
Telephone: 910.439.3070
Facsimile: 910.889.8229

DEFENDANT ALLGOOD'S OBJECTIONS AND FIRST ANSWERS TO DEFENDANT'S
FIRST SET OF INTERROGATORIES

3

STATE OF NORTH CAROLINA
MONTGOMERY COUNTY

IN THE GENERAL COURT OF
SUPERIOR COURT DIVISION
21-CVS-41

WIN DOZIER,

        Plaintiff,

VS.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**DEFENDANT TROUBLEFIELD'S
OBJECTIONS AND FIRST
ANSWERS TO PLAINTIFF'S
FIRST SET OF
INTERROGATORIES**

Defendant Tonya Yvette Troublefield, pursuant to Rules 26 and 34 of the North Carolina Rules of Civil Procedure, serves these Objections and First Responses to Defendant's First Request for Production of Documents.

## GENERAL OBJECTIONS

1. Defendant Troublefield's responses are based upon her current knowledge and belief. Nothing contained herein shall be deemed an admission by Plaintiff regarding the existence of any information or document, or the relevance or admissibility of any information or document for any purpose.

2. Defendant Troublefield's investigation and search for documents and information are ongoing. As a result, her answers concerning documents and information obtained and reviewed to date and are provided without prejudice to its right to amend or supplement her answers after considering documents and information obtained or reviewed through further investigation.

3. Defendant Troublefield objects to each interrogatory to the extent it seeks information from Plaintiff in any capacity other than her capacity as a Defendant. Defendant Troublefield makes her answers to the interrogatories only in her capacity as a Defendant. Nothing in the answers should be construed to the contrary.

4. Defendant Troublefield objects to all Requests that seek information protected by the attorney-client privilege and/or work product immunity. Defendant Troublefield hereby asserts such privilege and immunity.

**DEFENDANT TROUBLEFIELD'S OBJECTIONS AND FIRST ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

1

# OBJECTIONS AND FIRST ANSWERS TO INTERROGATORIES

1. Please state all facts and identify all documents, evidence or things which support paragraph 1 of your Motion to Dismiss stating that there was an "insufficiency of service of process in that service by publication was not proper".

**RESPONSE:**
Prior to being served with the complaint, the Montgomery Herald published the facts of the complaint notifying defendant of the claim against her and included all of the facts that publication would require. Further, the Montgomery Herald would have been the proper forum for service by publication had the Plaintiff met the burden for service by publication.

5

2. Please state all facts and identify all documents, evidence or things which support paragraph 2 of your Motion to Dismiss that there was an "insufficiency of process due to a defective summons".

**RESPONSE:** Defendant Troublefield has no knowledge or evidence of any allegations in the complaint nor has she committed any of the specific acts mentioned in the complaint.

3. Please state all facts and identify all documents, evidence or things which support paragraph 3 of your Motion to Dismiss that there was a "lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process".

**RESPONSE:** Defendant objects to Interrogatory No. 3 in that it is overly broad and protected by attorney work-product doctrine. Without waving the foregoing objections, Defendant responds as follows: Defendant was first notified of the lawsuit pending against her by publication. Further, Defendant Troublefield objects to Interrogatory No. 3 in that she is a current client of Vancamp, Meacham and Newman and objects to the conflict of interest. Without waving the foregoing objections, Defendant reserves the right to amend or supplement this response, as necessary, during the course of this proceeding, subject to Rule 26(e) of the North Carolina Rules of Civil Procedure.

4. Please state all facts and identify all documents, evidence or things which support paragraph 4 of your Motion to Dismiss that there was a "failure to state a claim upon which relief can be granted".

**RESPONSE:** Defendant objects to Interrogatory No. 4 in that it is overly broad, unduly burdensome. Further, Defendant further objects to the extend that the request seeks information protected by attorney-client privilege and the attorney work-product doctrine. Without waving the foregoing objections, Defendant reserves the right to amend or supplement this response, as necessary, during the course of this proceeding, subject to Rule 26(e) of the North Carolina Rules of Civil Procedure.

DEFENDANT TROUBLEFIELD'S OBJECTIONS AND FIRST ANSWERS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES

2

5.      Please state all facts and identify all documents, evidence or things which support paragraph 5 of your Motion to Dismiss stating that "failure to join a necessary party in that the Town of Troy has not been named as a party to this action nor served with process".

**RESPONSE:**      In regards to Interrogatory No. 5, Defendant Troublefield denies stating the above captioned text in her motion to dismiss.

This the 8th day of May, 2021

Respectfully submitted,

**LAKE TILLERY LAW**

Brooke M. Crump
*Counsel for Defendants*
NC State Bar No. 52684
brooke@laketillerylaw.com
PO Box 396
Mount Gilead, NC 27306
Telephone: 910.439.3070
Facsimile: 910.889.8229

**DEFENDANT TROUBLEFIELD'S OBJECTIONS AND FIRST ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

3

## <u>VERIFICATION</u>

The undersigned, being duly sworn and authorized to make this Verification, deposes and says that She has read the foregoing response in this matter and knows the contents thereof; that the same is true of her own knowledge except as to those matters and things alleged upon information and belief, and as to those matters and things, she believes them to be true.

This the 6 day of May , 2021

By: _Tonya Yvette Troublefield_
Tonya Yvette Troublefield

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

Subscribed and sworn to before me
this the 8 day of May , 2021

_Brooke M._
Signature of Notary Public

_Brooke M Crump_
Printed Name of Notary Public

_August 15, 2023_
Date My Commission Expires

[SEAL]

BROOKE M. CRUMP
Notary Public
Montgomery County, North Carolina
My Commission Expires
08/15/2023



# VAN CAMP, MEACHAM & NEWMAN, PLLC

ATTORNEYS AT LAW



THOMAS M. VAN CAMP*
EDDIE H. MEACHAM
MICHAEL J. NEWMAN
RICHARD L. YELVERTON, III
KIMBERLY C. POST
WHITNEY P. FOUHSEE
AMANDA L. GAINER
TYLER CHRISCOE
DONALD MCLAMB
JOE KARAM

Certified Superior Court Mediator

Two Regional Circle (28374)
Post Office Box 1389
Pinehurst, NC 28370

KIMBERLY C. POST
Attorney at Law

Telephone: (910) 295-2525
Facsimile: (910) 235-0233

kimp@vancamplaw.com

December 22, 2020

Ms. Tonya Troublefield
713 S. Main Street
Troy NC 27371

RE:     Social Security

Dear Ms. Troublefield:



It was a pleasure to have assisted you with your case and I wish you the best of luck in the future. We are closing your file with our firm.

If you have any questions, please feel free to call. Sincerely,

VAN CAMP, MEACHAM & NEWMAN, PLLC

Kimberly C. Post

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 21-CVS-41

WIN DOZIER,

      Plaintiff,

v.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the undersigned hereby gives Notice of Hearing that the Plaintiff's Motion for Rule 11 Sanctions will be heard before the Judge Presiding over the Monday, June 7, 2021 Session of the Civil Superior Session of Montgomery County, North Carolina, at 11:00 a.m. or as soon thereafter as the matter can be heard.

This the 20th day of May, 2021.

VAN CAMP, MEACHAM & NEWMAN, PLLC
*Attorney for the Plaintiff*

By: _____
Thomas M. Van Camp, N.C. State Bar # 16872
P.O. Box 1389
Pinehurst, NC 28370
Telephone (910) 295-2525
Facsimile (910) 295-2001
thomasv@vancamplaw.com



1

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **NOTICE OF HEARING** upon the person listed below by depositing the same in a prepaid postage envelope in the United States mail addressed as follows:

*Attorney for Defendants*
Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306
brooke@laketillerylaw.com

This the 20th day of May, 2021.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorney for the Plaintiff*

By:

Thomas M. Van Camp, NC State Bar # 16872
P.O. Box 1389
Pinehurst, NC 28370
Telephone (910) 295-2525
Facsimile (910) 295-2001
thomasv@vancamplaw.com

2

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY
Date: _____05/20/2021_____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No. _____21-CVS-41_____

WIN DOZIER

_____

_____
Plaintiff

vs.

SHERRI ALLGOOD and

TONYA YVETTE TROUBLEFIELD
Defendant

CALENDAR NOTICE

Please place the above captioned matter on the Montgomery County Civil Superior Court
calendar for the _____June 7, 2021, 11:00 am_____ session for:

☒ Motion          Type of Motion _Plaintiff's Motion for Rule 11 Sanctions_

☐ Trial                              ☐ Jury                    ☒ Non-Jury

Estimated Length of Hearing: _____30 min._____

Nature of Case _Slander, Slander Per Se, Libel, Libel Per Se, Motion for Preliminary & Permanent Injunction_

Attorney for Plaintiff/Defendant
Address: Thomas M. Van Camp, Esq.
P.O. Box 1389, Pinehurst, NC 28374
Telephone: (910) 295-2525

Mail Calendar Request to:       Stephanie H. Hinson, Superior Court Judicial Assistant
                                Post Office Box 698
                                Albemarle NC 28002-0698
                                Stephanie.H.Hinson@nccourts.org

And a Copy to: *(Give name and address of opposing counsel and/or unrepresented parties)*
Brooke M. Crump, Esq., Attorney for Defendants
P.O. Box 396, Mount Gilead, NC 27306

This calendar request form shall constitute notice of hearing pursuant to Rule 7(b)(1) of the North Carolina Rules of Civil
Procedure.

# VAN CAMP, MEACHAM & NEWMAN, PLLC

### ATTORNEYS AT LAW

THOMAS M. VAN CAMP*
EDDIE H. MEACHAM
MICHAEL J. NEWMAN
RICHARD LEE YELVERTON III
WHITNEY P. FOUSHEE
KIMBERLY C. POST
DONALD L. MCLAMB, II
JOSEPH H. KARAM
DAVID M. ALZAMORA

\* Certified Superior Court
  Mediator

Two Regional Circle (28374)
Post Office Box 1389
Pinehurst, North Carolina 28370

THOMAS M. VAN CAMP
Attorney at Law
thomasv@vancamplaw.com

LARISA GREEN
Paralegal
larisag@vancamplaw.com

Telephone: (910) 295-2525
Facsimile:  (910) 295-2001

May 21, 2021

<u>VIA OVERNIGHT</u>
Montgomery County Clerk of Court
Attn: CIVIL DIVISION
108 E Main Street
Troy, NC 27371

RE:   *Win Dozier v. Sherri Allgood & Tonya Yvette Troublefield*
      *Montgomery County File No. 21 CVS 41*

Dear Madam Clerk:

I have enclosed the following for the above-referenced matter:

1. Original and two copies of our Calendar Request and Notice of Hearing;
2. Original and two copies of our Motion for Rule 11 Sanctions with Exhibits; and
3. Check for $20.00 for cost of hearing fee.

If granted, please file-stamp each document, retain the originals for the Court's file, and return the two copies to our office in the envelope provided.

Should you have any questions, please feel free to contact our office. Thank you for your considerate attention to this matter.

Sincerely,

VAN CAMP, MEACHAM & NEWMAN, PLLC

Larisa Green, Paralegal
to Thomas M. Van Camp

Enclosures

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

FILED

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVD 53

2021 AP~ ~ ~ 3: 14

~~~~~~ ~~, C.S.C

BY~~~~~~

WIN DOZIER
       Plaintiff,

v.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
       Defendants.

)
)
)
)
)
)
)
)
)

ORDER FOR EXTENSION OF
TIME

This matter was heard by the undersigned upon Defendant's motion, and it appearing that the **time** for responding to Plaintiff's complaint has not yet expired, and that good cause has been shown;

IT IS THEREFORE **ORDERED** that Defendant shall have to and including __10__ day of ___May___, 2021 within which to **respond** or otherwise respond to Plaintiff's complaint.

This the 8th day of April, 2021.

Robin Maness
Assistant Clerk

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVD 53

WIN DOZIER

~~FILED~~

2021 AP□ □□ □ 3: 12

Plaintiff,

)
)
)
)

v.

)
)
)  MOTION FOR EXTENSION OF
)  TIME

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
Defendants.

)
)
)
)
)

**NOW COMES** Defendants, pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, moves the Court for a thirty (30) day extension of time, and respectfully move the Court to enlarge the time for responding to Plaintiffs' Request and in support thereof, show unto the Court the following:

1. Defendants were served with Plaintiff's First Requests for Admissions, First Set of Interrogatories, and First Requests for Production of Documents to Defendants on or about March 9, 2021.

2. The time for responding to the first set of production has not yet expired.

3. This motion is made in good faith, and not for the purpose of delay.

WHEREFORE, Defendants, respectfully move the Court, pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, to extend the time for responding to Plaintiffs' request an additional thirty (30) days, to May 10, 2021.

THIS the 8th day of April, 2021.

**LAKE TILLERY LAW**

Brooke McIntosh Crump
*Attorney for the Defendants*
NC Bar No. 52684
brooke@laketillerylaw.com
PO Box 396
Mount Gilead, NC 27306
(P): 910-439-3070
(F): 910-889-8229

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all other parties to this action, or their attorneys of record by depositing a copy of the same in an envelope, postage prepaid, in an official depository of the U.S. Postal Service, addressed as follows:

Van Camp Meacham & Newman, PLLC
PO Box 1389
Pinehurst, NC 28370

This the 8th day of April, 2021.

LAKE TILLERY LAW

Brooke McIntosh Crump
*Attorney at Law*
Lake Tillery Law
108 North Main Street
PO Box 396
Mount Gilead, NC 27306
P: (910) 439-3070
F: (910) 889-8229

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY
Date: _____ 03/02/2021 _____

FILED

2021 MAR -2 P 2: 35

R. Munn

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No. ___ 21-CVS-41 ___

WIN DOZIER
_____
                    Plaintiff

vs.

SHERRI ALLGOOD and
_____
TONYA YVETTE TROUBLEFIELD
_____
                    Defendant

CALENDAR NOTICE

Please place the above captioned matter on the Montgomery County Civil Superior Court
calendar for the _____ June 7, 2021, 10:00 am _____ session for:

☒    Motion

☐    Trial

Type of Motion _Defendant Sherri Allgood's Motions to Dismiss_

☐    Jury                    ☒    Non-Jury

Estimated Length of Hearing: _____ 30 min. _____

Nature of Case _Slander, Slander Per Se, Libel, Libel Per Se, Motion for Preliminary & Permanent Injunction_

Attorney for Plaintiff/Defendant
Address: Thomas M. Van Camp, Esq.
P.O. Box 1389, Pinehurst, NC 28374
Telephone: (910) 295-2525

Mail Calendar Request to:

Stephanie H. Hinson, Superior Court Judicial Assistant
Post Office Box 698
Albemarle NC 28002-0698
Stephanie.H.Hinson@nccourts.org

And a Copy to: (Give name and address of opposing counsel and/or unrepresented parties)
Brooke M. Crump, Esq., Attorney for Defendants
P.O. Box 396, Mount Gilead, NC 27306

This calendar request form shall constitute notice of hearing pursuant to Rule 7(b)(1) of the North Carolina Rules of Civil
Procedure.

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 21-CVS-41

WIN DOZIER,

        Plaintiff,

   v.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)



NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the undersigned hereby gives Notice of Hearing that the Defendant Sherri Allgood's Motions to Dismiss will be heard before the Judge Presiding over the Monday, June 7, 2021 Session of the Civil Superior Session of Montgomery County, North Carolina, at 10:00 a.m. or as soon thereafter as the matter can be heard.

This the 2 day of March, 2021.

        VAN CAMP, MEACHAM & NEWMAN, PLLC
        *Attorneys for the Plaintiff*

By: _____
        Thomas M. Van Camp, NC State Bar # 16872
        Amanda L. Gainer, NC State Bar #49569
        P.O. Box 1389
        Pinehurst, NC 28370
        Telephone (910) 295-2525
        Facsimile (910) 295-2001
        thomasv@vancamplaw.com
        amanda@vancamplaw.com

1

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **NOTICE OF HEARING** upon the person listed below by depositing the same in a prepaid postage envelope in the United States mail addressed as follows:

*Attorney for Defendants*
Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306
brooke@laketillerylaw.com

This the ___2___ day of March, 2021.

VAN CAMP, MEACHAM & NEWMAN, PLLC
*Attorneys for the Plaintiff*

By: _____

Thomas M. Van Camp, NC State Bar # 16872
Amanda L. Garner, NC State Bar #49569
P.O. Box 1389
Pinehurst, NC 28370
Telephone (910) 295-2525
Facsimile (910) 295-2001
thomasv@vancamplaw.com
amanda@vancamplaw.com

2

STATE OF NORTH CAROLINA
COUNTY OF MONTGOMERY
Date: ___03/02/2021___

FILED
2021 MAR -3 PM 2:31
[signature] R. Mason

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No. ___21-CVS-41___

WIN DOZIER
_____
                    Plaintiff
vs.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD
_____
                    Defendant

CALENDAR NOTICE

Please place the above captioned matter on the Montgomery County Civil Superior Court calendar for the ___June 7, 2021, 10:00 am___ session for:

☒   Motion          Type of Motion _Defendant Tonya Yvette Troublefield's Motion to Dismiss_

☐   Trial                        ☐   Jury                    ☒   Non-Jury

Estimated Length of Hearing: ___30 min.___

Nature of Case _Slander, Slander Per Se, Libel, Libel Per Se, Motion for Preliminary & Permanent Injunction_

Attorney for Plaintiff/Defendant
Address: Thomas M. Van Camp, Esq.
P.O. Box 1389, Pinehurst, NC 28374
Telephone: (910) 295-2525

Mail Calendar Request to:    Stephanie H. Hinson, Superior Court Judicial Assistant
                             Post Office Box 698
                             Albemarle NC 28002-0698
                             Stephanie.H.Hinson@nccourts.org

And a Copy to: (Give name and address of opposing counsel and/or unrepresented parties)
Brooke M. Crump, Esq., Attorney for Defendants
P.O. Box 396, Mount Gilead, NC 27306

This calendar request form shall constitute notice of hearing pursuant to Rule 7(b)(1) of the North Carolina Rules of Civil Procedure.

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 21-CVS-41

WIN DOZIER,

      Plaintiff,

    v.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,

      Defendants.



)
)
)
)
)
)
)
)
)
)
)
)

NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned hereby gives Notice of Hearing that the Defendant Tonya Yvette Troublefield's Motion to Dismiss will be heard before the Judge Presiding over the Monday, June 7, 2021 Session of the Civil Superior Session of Montgomery County, North Carolina, at 10:00 a.m. or as soon thereafter as the matter can be heard.

This the 2 day of March, 2021.

               VAN CAMP, MEACHAM & NEWMAN, PLLC
               Attorneys for the Plaintiff

By: _____
          Thomas M. Van Camp, NC State Bar # 16872
          Amanda L. Gainer, NC State Bar #49569
          P.O. Box 1389
          Pinehurst, NC 28370
          Telephone (910) 295-2525
          Facsimile (910) 295-2001
          thomasv@vancamplaw.com
          amanda@vancamplaw.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **NOTICE OF HEARING** upon the person listed below by depositing the same in a prepaid postage envelope in the United States mail addressed as follows:

*Attorney for Defendants*
Lake Tillery Law
Attn: Brooke M. Crump, Esq.
P.O. Box 396
Mount Gilead, NC 27306
brooke@laketillerylaw.com

This the ___ day of March, 2021.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorneys for the Plaintiff*

By: _____

Thomas M. Van Camp, NC State Bar # 16872
Amanda L. Gainer, NC State Bar #49569
P.O. Box 1389
Pinehurst, NC 28370
Telephone (910) 295-2525
Facsimile (910) 295-2001
thomasv@vancamplaw.com
amanda@vancamplaw.com

2

# VAN CAMP, MEACHAM & NEWMAN, PLLC
### ATTORNEYS AT LAW

THOMAS M. VAN CAMP*
EDDIE H. MEACHAM
MICHAEL J. NEWMAN
RICHARD LEE YELVERTON III
WHITNEY P. FOUSHEE
KIMBERLY C. POST
AMANDA L. GAINER
DONALD L. MCLAMB, II
JOSEPH H. KARAM

Two Regional Circle (28374)
Post Office Box 1389
Pinehurst, North Carolina 28370

FILED

2021 MAR -3 P 2: 31

THOMAS M. VAN CAMP
Attorney at Law
thomasv@vancamplaw.com

LARISA GREEN
Paralegal
larisag@vancamplaw.com

\* Certified Superior Court
Mediator

March 2, 2021

R. Maun

Telephone: (910) 295-2525
Facsimile:   (910) 295-2001

<u>VIA OVERNIGHT</u>
Montgomery County Clerk of Court
Attn: CIVIL DIVISION
108 E Main Street
Troy, NC  27371

RE:   *Win Dozier v. Sherri Allgood & Tonya Yvette Troublefield*
      *Montgomery County File No. 21 CVS 41*

Dear Madam Clerk:

I have enclosed the following for the above-referenced matter:

1. Original and two copies of our Calendar Request and Notice of Hearing for Defendant Allgood's Motion to Dismiss.

2. Original and two copies of our Calendar Request and Notice of Hearing for Defendant Troublefield's Motion to Dismiss.

3. Check for $20.00 for cost of hearing fee.

If acceptable, please file-stamp each document, retain the originals for the Court's file, and return the copies to our office in the envelope provided.

Should you have any questions, please feel free to contact our office. Thank you for your considerate attention to this matter.

Sincerely,

VAN CAMP, MEACHAM & NEWMAN, PLLC

*Larisa Green*

Larisa Green, Paralegal
to Thomas M. Van Camp

Enclosures
cc:   Brooke M. Crump, Esq.

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 41

2021 FEB 25 P 4:52

WIN DOZIER,

Plaintiff,

vs.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD

Defendants.

CERTIFICATE OF SERVICE

)
)
)
)
)
)
)
)
)
)
)

I, Brooke McIntosh Crump, do hereby certify that I have this day forwarded a copy of the foregoing **Motion to Dismiss for Defendant Allgood** upon Counsel for for Plaintiff by depositing via U.S. Mail postage paid addressed as follows:

Van Camp Meacham & Newman, PLLC
PO Box 1389
Pinehurst, NC 28370

This the 8th day of February, 2021.

LAKE TILLERY LAW

Brooke McIntosh Crump
*Attorney for Defendants*
NC State Bar # 52684
PO Box 396
Mount Gilead, NC 27306
(910) 439-3070

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 41

WIN DOZIER,

2021 FEB 29 P 4: 52

Plaintiff,

vs.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD

Defendants.

CERTIFICATE OF SERVICE

)
)
)
)
)
)
)
)
)
)

I, Brooke McIntosh Crump, do hereby certify that I have this day forwarded a copy of the foregoing **Motion to Dismiss for Defendant Troublefield** upon Counsel for for Plaintiff by depositing via U.S. Mail postage paid addressed as follows:

Van Camp Meacham & Newman, PLLC
PO Box 1389
Pinehurst, NC 28370

This the 25th day of February, 2021.

LAKE TILLERY LAW

/Brooke McIntosh Crump
*Attorney for Defendants*
NC State Bar # 52684
PO Box 396
Mount Gilead, NC 27306
(910) 439-3070

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CvS-41

WIN DOZIER,
  Plaintiff,

  vs.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD,
  Defendants.

)
)
)
)
)
)
)
)
)
)

## CLERK'S AFFIDAVIT REGARDING RETURN OF CIVIL SUMMONS

The undersigned, being first duly sworn, deposes and says:

1. An original Civil Summons was issued in this matter for service on Tonya Yvette Troublefield. Said summons was issued by Melissa Lisenby, Deputy Clerk on January 28, 2021.

2. The original and a copy of said Civil Summons along with a copy of the Complaint was delivered to the Montgomery County Sheriff for personal service on Defendant Troublefield. The Summons was returned to the Clerk's office with the return of service information completed by Deputy Eric Morgan indicating Defendant was served on February 4, 2021.

3. In accordance with the Rules of Recordkeeping and normal business practices of the Clerk's office, the return of service information was keyed into the computerized Civil Case Processing System (VCAP) index. Additionally, upon information and belief, the Sheriff's office made notation in its electronic record keeping system indicating that the Summons and Complaint were served on Defendant Troublefield on February 4, 2021 and the Summons returned to the Clerk on February 4, 2021.

4. Sometime after the Summons was returned to the Clerk, the original Civil Summons became separated from the physical file folder in the clerk's office and has not been located to date. Therefore, the Clerk of Superior Court requested Eric Morgan to complete the return of service information on a copy of the summons that had been retained by the Clerk when originally issued and to attach a printout of the Sheriff's office records kept in its normal course of business indicating that the original Civil Summons and Complaint was served as indicated.

Further this affiant sayeth not.

Sworn to and subscribed before me
this 23 day of February, 2021.

_Denise Sullivan_

~~Mary~~ Denise Sullivan, Notary Public

My Commission Expire: 7-1-2023

_John K. Deaton_
John K. Deaton, Clerk of Superior Court

DENISE SULLIVAN
Notary Public - North Carolina
Randolph County
My Commission Expires 7-1-23

# STATE OF NORTH CAROLINA

MONTGOMERY _____ County

File No.
21 CVS 41

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
WIN DOZIER

Address
c/o Van Camp Meacham & Newman, PLLC P.O. Box 1389

City, State, Zip
Pinehurst, NC 28370

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

**VERSUS**

Name Of Defendant(s)
SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

Name And Address Of Defendant 1
TONYA YVETTE TROUBLEFIELD
713 S Main Street
Troy, NC 27371-3423

Name And Address Of Defendant 2

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as
possible, and, if needed, speak with someone who reads English and can translate these papers!
**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible
acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos
documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been
served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)
THOMAS M. VAN CAMP
VAN CAMP, MEACHAM & NEWMAN, PLLC
P.O. BOX 1389
PINEHURST, NC 28370

Date Issued
1/28/21

Time
4:00  ☐ AM ☒ PM

Signature
M. Rising

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated
above and returned not served. At the request of the plaintiff,
the time within which this Summons must be served is
extended sixty (60) days.

Date Of Endorsement

Time

Signature

☐ AM ☐ PM

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or
less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if
so, what procedure is to be followed.

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

(Over)

# Civil Paper
## MONTGOMERY COUNTY SHERIFF'S OFFICE

| Civil Number:<br>21-19921 | Type of Civil Paper:<br>CIVIL SUMMONS AND COMPLAINT | | | | | | |
|---|---|---|---|---|---|---|---|
| Offense: | | | | | | | |
| County:<br>Montgomery | | Counts: | Subpoena Type: | Incident Number: | File Number:<br>21CVS41 | | DSS Number: |
| Paper Location:<br>WEST SIDE | Date Issued:<br>01/28/2021 | Time Issued: | Issued By:<br>CLERK OF COURT | | | Date Received:<br>02/04/2021 | Date Expires: |
| Date Taken/Assigned:<br>02/04/2021 | Agency With Paper:<br>MONTGOMERY COUNTY SHERI | | Assigned Zone: | | Officer With Paper: | | |
| Date Ret. to Clerk:<br>02/04/2021 | Status/Type of Service:<br>P - Personal Service | | Date Served:<br>02/04/2021 | Time Served: | Date Returned: | Officer Serving/Returning:<br>000877 - ERIC L. MORGAN | |
| Court Division: | Service Location: | | | Reason For Non-Service: | | | |
| Service Fee: | Court Location:<br>TROY, NORTH CAROLINA | | | Court Date: | Court Time: | Courtroom Number: | |
| Care of Name: | Date of Endorsement: | | Time of Endorsement: | Sheriff:<br>CHRIS WATKINS | | | |
| | Care of Address: | | | | | | |
| Notes:<br>PAPER BK TO MMA CSC | | | | Phone Number: | | Relationship: | |

## Served To

| Served to Name:<br>TROUBLEFIELD, TONYA YVETTE | | | | Served to Address:<br>713 S MAIN ST, Troy, NC 27371 | | | |
|---|---|---|---|---|---|---|---|
| Date of Birth: | Age: | Race: | Sex: | Height: | Weight: | Build: | Phone Number: |
| Hair Length: | Eye Color: | Skin: | Social Security Number: | | Driver's License Number: | Hair Color: | Hair Style: |
| Occupation: | Employer: | | | Employer Address: | | Driver's License State: | |
| | | | | | | Phone Number: | Ext.: |

## Plaintiff(s)

| Seq. #<br>1 | Plaintiff Name:<br>DOZIER, WIN | | | Plaintiff Address: | | | |
|---|---|---|---|---|---|---|---|
| Age: | Race: | Sex: | Employer: | | Phone Number: | | Date of Birth: |
| Phone Number: | Ext.: | | AKA: | | Employer Address: | | |

## Service Notes

ate: 02/19/2021 -- Time:  11:28

Page 1

# Civil Paper

## MONTGOMERY COUNTY SHERIFF'S OFFICE

| Civil Number: 21-19922 | Type of Civil Paper: CIVIL SUMMONS AND COMPLAINT | | | | | |
|---|---|---|---|---|---|---|
| Offense: | | | | | | |
| | Counts: | Subpoena Type: | | Incident Number: | File Number: | DSS Number: |
| County: Montgomery | Date Issued: 01/28/2021 | Time Issued: | Issued By: CLERK OF COURT | | 21CVS41 | |
| Paper Location: WEST SIDE | Agency With Paper: MONTGOMERY COUNTY SHERI | | | | Date Received: 02/04/2021 | Date Expires: |
| Date Taken/Assigned: 02/04/2021 | Status/Type of Service: P - Personal Service | Assigned Zone: | | | Officer With Paper: | |
| Date Ret. to Clerk: 02/09/2021 | Service Location: | | Date Served: 02/08/2021 | Time Served: | Date Returned: | Officer Serving/Returning: 001953 - Joshua L. Carter |
| Court Division: | Court Location: TROY, NORTH CAROLINA | | | Reason For Non-Service: | | |
| Service Fee: | Date of Endorsement: | Time of Endorsement: | | Court Date: | Court Time: | Courtroom Number: |
| Care of Name: | | Care of Address: | | Sheriff: CHRIS WATKINS | | |
| Notes: PAPER BK TO MMA CSC | | | | Phone Number: | | Relationship: |

## Served To

| Served to Name: ALLGOOD, SHERRI HARRIS | | | | Served to Address: 435 BRUTON ST, Troy, NC 27371 | | | Phone Number: |
|---|---|---|---|---|---|---|---|
| Date of Birth: | Age: | Race: | Sex: | Height: | Weight: | Build: | |
| Hair Length: | Eye Color: | Skin: | | Social Security Number: | Driver's License Number: | | Hair Color: | Hair Style: |
| Occupation: | | Employer: | | Employer Address: | | Driver's License State: | |
| | | | | | | Phone Number: | Ext.: |

## Plaintiff(s)

| Seq. # 1 | Plaintiff Name: DOZIER, WIN | | | Plaintiff Address: | | Phone Number: | Date of Birth: |
|---|---|---|---|---|---|---|---|
| | Age: | Race: | Sex: | Employer: | Employer Address: | | |
| | Phone Number: | Ext.: | | AKA: | | | |

## Service Notes

Case 1:21-cv-00731   Document 1-1   Filed 09/21/21   Page 111 of 121

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

WIN DOZIER,

       Plaintiff,

vs.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD

       Defendants.

FILED

2021 FEB 23 A 10: 11

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 41

)
)
)
)
)
)
)
)
)
)
)
)

**MOTION TO DISMISS**

     NOW COMES Defendant, Tonya Yvette Troublefield (hereinafter referred to as Defendant Troublefield), by and through undersigned counsel and respectfully moves the Court to dismiss the Complaint pursuant to:

     1. Rule 12(b)(5) for insufficiency of service of process in that service by publication was not proper;
     2. Rule 12(b)(4) for insufficiency of process due to a defective summons;
     3. Rule 12(b)(2) for lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process;
     4. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

     WHEREFORE, Defendant Troublefield by and through counsel, hereby moves to dismiss the Plaintiff's complaint as to this Defendant and for such other and further relief as may be appropriate, including an award for reasonable attorney fees and other expenses in defending this action.

     This the 20th day of February, 2021.

                          Brooke M. Crump
                          *Attorney for Defendants*
                          Lake Tillery Law
                          NC Bar No. 52684
                          PO Box 396
                          108 North Main Street
                          Mount Gilead, NC 27306
                          Tel. (336) 964-9625
                          Fax. (910) 889-8229

# STATE OF NORTH CAROLINA

Montgomery _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| Name And Address Of Plaintiff 1<br>Win Dozier | |

FILED

2021 FEB 23 ⬚ 0: 11

MONT⬚ ⬚⬚⬚⬚

BY ~~⬚⬚⬚~~

Name And Address Of Plaintiff 2

## GENERAL
## CIVIL ACTION COVER SHEET

☐ INITIAL FILING   ☒ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

### VERSUS

| |
|---|
| Name And Address Of Defendant 1<br>Sherri Allgood |

Name And Address Of Attorney Or Party, If Not Represented
(complete for initial appearance or change of address)

Brooke M. Crump
PO Box 396
Mount Gilead, NC 27306

Summons Submitted
☐ Yes  ☐ No

| Telephone No.<br>910-439-3070 | Cellular Telephone No.<br>336-964-9625 |
|---|---|
| NC Attorney Bar No.<br>52684 | Attorney Email Address<br>brooke@laketillerylaw.com |

Name And Address Of Defendant 2
Tonya Evette Troublefield

☐ Initial Appearance in Case   ☐ Change of Address

| Name Of Firm<br>Lake Tillery Law | Fax No.<br>910-889-8229 |
|---|---|

Counsel For
☐ All Plaintiffs  ☒ All Defendants  ☐ Only: (list party(ies) represented)

Summons Submitted
☐ Yes  ☐ No

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☐ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim (list on back) (CRSS) *Assess Court Costs*
☒ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☒ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☒ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☒ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

---

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

MONTGOMERY _____ County

File No.
21 CVS 41

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff | |
| WIN DOZIER | |
| Address | |
| c/o Van Camp Meacham & Newman, PLLC P.O. Box 1389 | FEB 9 2021 |
| City, State, Zip | |
| Pinehurst, NC 28370 | |

**VERSUS**

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| Name Of Defendant(s) | |
| SHERRI ALLGOOD and | |
| TONYA YVETTE TROUBLEFIELD | |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

Montgomery Co. Sheriff

| | |
|---|---|
| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| SHERRI ALLGOOD | |
| 435 Bruton Street | FEB 04 2021 |
| Troy, NC 27371-2821 | |
| | Rec'd. By _____ |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!** Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued        Time |
| THOMAS M. VAN CAMP | 1/25/21      4:00   ☐ AM  ☑ PM |
| VAN CAMP, MEACHAM & NEWMAN, PLLC | Signature |
| P.O. BOX 1389 | M. Kivi |
| PINEHURST, NC 28370 | ☑ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)** | Date Of Endorsement        Time |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature                    ☐ AM  ☐ PM |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

(Over)

- 2/4/21 @ 09:38  NAH
- 2-6-21   1340  told to get off property NAH

STATE OF NORTH CAROLINA

COUNTY OF MONTGOMERY

WIN DOZIER,

     Plaintiff,

  vs.

SHERRI ALLGOOD and
TONYA YVETTE TROUBLEFIELD

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 41

)
)
)
)
)
)
)
)
)
)
)

**MOTION TO DISMISS**

NOW COMES Defendant, Sherri Allgood (hereinafter referred to as Defendant Allgood), by and through undersigned counsel and respectfully moves the Court to dismiss the Complaint pursuant to:

1. Rule 12(b)(5) for insufficiency of service of process in that service by publication was not proper;
2. Rule 12(b)(4) for insufficiency of process due to a defective summons;
3. Rule 12(b)(2) for lack of jurisdiction over the person due to lack of service sufficient to exercise jurisdiction consistent with due process;
4. Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and
5. Rules 12(b)(7) and 19(a) for failure to join a necessary party in that the Town of Troy has not been named as a party to this action nor served with process.

WHEREFORE, Defendant Allgood by and through counsel, hereby moves to dismiss the Plaintiff's complaint as to this Defendant and for such other and further relief as may be appropriate, including an award for reasonable attorney fees and other expenses in defending this action.

This the 8th day of February, 2021.

Brooke M. Crump
*Attorney for Defendant Allgood*
Lake Tillery Law
NC Bar No. 52684
PO Box 396
108 North Main Street
Mount Gilead, NC 27306
Tel. (336) 964-9625
Fax. (910) 889-8229

# STATE OF NORTH CAROLINA

Montgomery _____ County

21 CVS 41

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name And Address Of Plaintiff 1
Win Dozier

FILED

2021 Feb -7  A 11: 03

MONTGOMERY CO...

Name And Address Of Plaintiff 2

**GENERAL
CIVIL ACTION COVER SHEET**

☐ INITIAL FILING  ☒ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

## VERSUS

Name And Address Of Defendant 1
Sherri Allgood
435 Bruton st
Troy NC 27371

Name And Address Of Attorney Or Party, If Not Represented
(complete for initial appearance or change of address)

Brooke M. Crump
PO Box 396
Mount Gilead, NC 27306

Summons Submitted
☐ Yes ☐ No

Telephone No.
910-439-3070

Cellular Telephone No.
336-964-9625

NC Attorney Bar No.
52684

Attorney Email Address
brooke@laketillerylaw.com

Name And Address Of Defendant 2
Tonya Evette Troublefield

☒ Initial Appearance in Case  ☐ Change of Address

Name Of Firm
Lake Tillery Law

Fax No.
910-889-8229

Summons Submitted
☐ Yes ☐ No

Counsel For
☐ All Plaintiffs  ☐ All Defendants  ☒ Only: (list party(ies) represented)
Defendant Sherri Allgood

☒ Jury Demanded In Pleading

☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☐ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☒ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☒ Failure To Join Necessary Party (FJNP)

☒ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☒ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☒ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

_____ MONTGOMERY _____ County

| |
|---|
| File No.   21 CVS 41 |

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| WIN DOZIER |

| Address |
|---|
| c/o Van Camp Meacham & Newman, PLLC P.O. Box 1389 |

| City, State, Zip |
|---|
| Pinehurst, NC 28370 |

**VERSUS**

| Name Of Defendant(s) |
|---|
| SHERRI ALLGOOD and |
| TONYA YVETTE TROUBLEFIELD |

**CIVIL SUMMONS**
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

| Date Original Summons Issued |
|---|
| |

| Date(s) Subsequent Summons(es) Issued |
|---|
| |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| TONYA YVETTE TROUBLEFIELD | |
| 713 S Main Street | |
| Troy, NC 27371-3423 | |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents. **DO NOT throw these papers out!** You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. **¡NO TIRE estos papeles!** Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| THOMAS M. VAN CAMP | 1/28/21 | 4:00 ☐ AM ☑ PM |
| VAN CAMP, MEACHAM & NEWMAN, PLLC | Signature | |
| P.O. BOX 1389 | _M. Kiri_ | |
| PINEHURST, NC 28370 | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

MONTGOMERY County

Name And Address Of Plaintiff
WIN DOZIER
c/o Van Camp Meacham & Newman, PLLC
P.O. Box 1389
Pinehurst, NC 28370

**VERSUS**

Name And Address Of Defendant
Tonya Yvette Troublefieed
713 S Main Street
Troy, NC 27371-3423

File No. 21 CVS 41

In The General Court Of Justice

## SERVICEMEMBERS CIVIL RELIEF ACT AFFIDAVIT

50 U.S.C. 3901 to 4043

**NOTE:** Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.

| AFFIDAVIT |
|---|

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - [ ] a. I have personal knowledge that the defendant named above is in military service.*
   - [ ] b. I have personal knowledge that the defendant named above is **not** in military service.*
   - [X] c. I am unable to determine whether the defendant named above is in military service.*
2. *(check one of the following)*
   - [ ] a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
     - [ ] The results from my use of that website are attached.
     **(NOTE:** The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser.")
   - [X] b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: *(State how you know the defendant is not in the military. Be specific.)*

   _____
   _____
   _____
   _____
   _____
   _____

**\*NOTE:** The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).

## SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME

Date
5-27-2021

Signature Of Person Authorized To Administer Oaths

- [ ] Deputy CSC  [ ] Assistant CSC  [ ] Clerk Of Superior Court  [ ] Magistrate

**SEAL**  [X] Notary

Date
1/27/21

Signature Of Affiant

Name Of Affiant *(type or print)*
Thomas M. Van Camp

Date My Commission Expires
10-30-2021

**NOTE TO COURT:** Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.

(Over)

AOC-G-250, Rev. 2/18
© 2018 Administrative Office of the Courts

# Information About Servicemembers Civil Relief Act Affidavits

## 1. Plaintiff to file affidavit

In any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—

   (A)   stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

   (B)   if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. 3931(b)(1).

## 2. Appointment of attorney to represent defendant in military service

If in a civil action or proceeding in which the defendant does not make an appearance it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed to represent a service member cannot locate the service member, actions by the attorney in the case shall not waive any defense of the service member or otherwise bind the service member. 50 U.S.C. 3931(b)(2). State funds are not available to pay attorneys appointed pursuant to the Servicemembers Civil Relief Act. To comply with the federal Violence Against Women Act and in consideration of G.S. 50B-2(a), 50C-2(b), and 50D-2(b), plaintiffs in Chapter 50B, Chapter 50C, and Chapter 50D proceedings should not be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. Plaintiffs in other types of actions and proceedings may be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. The allowance or disallowance of the ordering of costs will require a case-specific analysis.

## 3. Defendant's military status not ascertained by affidavit

If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act. 50 U.S.C. 3931(b)(3).

## 4. Satisfaction of requirement for affidavit

The requirement for an affidavit above may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury. 50 U.S.C. 3931(b)(4). The presiding judicial official will determine whether the submitted affidavit is sufficient.

## 5. Penalty for making or using false affidavit

A person who makes or uses an affidavit permitted under 50 U.S.C. 3931(b) (or a statement, declaration, verification, or certificate as authorized under 50 U.S.C. 3931(b)(4)) knowing it to be false, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both. 50 U.S.C. 3931(c).

AOC-G-250, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ MONTGOMERY _____ County

**Name And Address Of Plaintiff**
WIN DOZIER
c/o Van Camp Meacham & Newman, PLLC
P.O. Box 1389
Pinehurst, NC 28370

**VERSUS**

**Name And Address Of Defendant**
Sherri Allgood
435 Bruton Street
Troy, NC 27371-2821

File No.

21 CVS 41

In The General Court Of Justice

**SERVICEMEMBERS CIVIL RELIEF ACT AFFIDAVIT**

50 U.S.C. 3901 to 4043

**NOTE:** *Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.*

## AFFIDAVIT

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - [ ] a. I have personal knowledge that the defendant named above is in military service.*
   - [ ] b. I have personal knowledge that the defendant named above is **not** in military service.*
   - [x] c. I am unable to determine whether the defendant named above is in military service.*

2. *(check one of the following)*
   - [ ] a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
     - [ ] The results from my use of that website are attached.
     - **(NOTE:** *The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser.")*
   - [x] b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: *(State how you know the defendant is not in the military. Be specific.)*

_____

_____

_____

_____

_____

_____

**\*NOTE:** *The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).*

## SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME

Date
01-27-2021

Signature Of Person Authorized To Administer Oaths
_Aaron Green_

- [ ] Deputy CSC  - [ ] Assistant CSC  - [ ] Clerk Of Superior Court  - [ ] Magistrate

**SEAL**  - [x] Notary

Date My Commission Expires
10-30-2021

Date
1/27/21

Signature Of Affiant

Name Of Affiant *(type or print)*
Thomas M. Van Camp

**NOTE TO COURT:** *Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.*

AOC-G-250, Rev. 2/18
© 2018 Administrative Office of the Courts

(Over)

# Information About Servicemembers Civil Relief Act Affidavits

1. **Plaintiff to file affidavit**
   In any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
   - (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
   - (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

   50 U.S.C. 3931(b)(1).

2. **Appointment of attorney to represent defendant in military service**
   If in a civil action or proceeding in which the defendant does not make an appearance it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed to represent a service member cannot locate the service member, actions by the attorney in the case shall not waive any defense of the service member or otherwise bind the service member. 50 U.S.C. 3931(b)(2). State funds are not available to pay attorneys appointed pursuant to the Servicemembers Civil Relief Act. To comply with the federal Violence Against Women Act and in consideration of G.S. 50B-2(a), 50C-2(b), and 50D-2(b), plaintiffs in Chapter 50B, Chapter 50C, and Chapter 50D proceedings should not be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. Plaintiffs in other types of actions and proceedings may be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. The allowance or disallowance of the ordering of costs will require a case-specific analysis.

3. **Defendant's military status not ascertained by affidavit**
   If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act. 50 U.S.C. 3931(b)(3).

4. **Satisfaction of requirement for affidavit**
   The requirement for an affidavit above may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury. 50 U.S.C. 3931(b)(4). The presiding judicial official will determine whether the submitted affidavit is sufficient.

5. **Penalty for making or using false affidavit**
   A person who makes or uses an affidavit permitted under 50 U.S.C. 3931(b) (or a statement, declaration, verification, or certificate as authorized under 50 U.S.C. 3931(b)(4)) knowing it to be false, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both. 50 U.S.C. 3931(c).

AOC-G-250, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts