IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WIN DOZIER,                        )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        1:21CV731
                                   )
SHERRI ALLGOOD, et al.,            )
                                   )
            Defendants.            )

## RECOMMENDATION OF UNITED STATES MAGISRATE JUDGE

This matter is before the Court upon Win Dozier's ("Plaintiff") Motion to Remand and Motion for Attorney's Fees and Expenses (Docket Entry 7) and Plaintiff's Motion to Supplement Motion for Remand (Docket Entry 10). For the reasons stated herein, the undersigned recommends granting in part and denying in part Plaintiff's Motion to Remand and Motion for Attorney's Fees and Expenses and denying as moot Plaintiff's Motion to Supplement Motion for Remand.

I.  **BACKGROUND**

Plaintiff initiated this action on January 28, 2021, in the General Court of Justice, Superior Court Division, Montgomery County, North Carolina. (Docket Entry 1 ¶ 1; Docket Entry 8 at 1.) Plaintiff brought claims against Sherri Allgood ("Defendant Allgood") and Tonya Yvette Troublefield ("Defendant Tonya Troublefield"). (Docket Entry 1 ¶ 1; *see also* Docket Entry 8 at 1.) Plaintiff asserts that his complaint ("Complaint") brings claims of slander, slander per se, libel, libel per se, and seeks preliminary and permanent injunction

against Defendants.[1] (Docket Entry 8 at 1; Docket Entry 1-1 at 102.) Defendant Tonya Troublefield was served with the Complaint on February 4, 2021. (Docket Entry 8-3.) Defendant Allgood was served on February 8, 2021. (Docket Entry 8-4.)

Defendant Allgood filed a motion to dismiss on February 8, 2021 (Docket Entry 1-1 at 115) and Defendant Tonya Troublefield filed a motion to dismiss on February 20, 2021 (Docket Entry 1-1 at 112.) Those motions were denied. (*See* Docket Entries 7-1, 7-2.) On June 15, 2021, Montgomery County Superior Court Judge Kevin M. Bridges determined that Defendants' motions to dismiss violated Rule 11 of the North Carolina Rules of Civil Procedure in that they were frivolous and were advanced for the improper purpose of causing unnecessary delay and ordered Defendants' counsel to award Plaintiff with attorney's fees in the amount of $4,237.50. (*See* Docket Entry 7-3.)

After conducting some discovery, Plaintiff came to believe that Defendant Tonya Troublefield's daughter, Yevette Troublefield, should also be named as a defendant in this matter. (Docket Entry 2 ¶¶ 2-3.) In light of this discovery, Plaintiff filed a motion to amend the Complaint and add a party defendant with the Montgomery County Superior Court on August 23, 2021. (*See* Docket Entry 2; *see also* Docket Entry 8 at 1-2.) The hearing for Plaintiff's motion was set before the Montgomery County Superior Court on November 15, 2021. (*See* Docket Entry 1-1 at 23; Docket Entry 8 at 2.)

On September 21, 2021, before the motion to amend could be heard in Montgomery County Superior Court, Defendants filed a notice of removal. (Docket Entry 8 at 2-3; Docket

---

[1] The parties have not filed Plaintiff's Complaint with this Court, leaving the undersigned unable to confirm the content of the Complaint.

Entry 1 ¶ 2.) Plaintiff then filed his motion to remand on September 29, 2021, seeking to remand the case and seeking attorney's fees and costs. (Docket Entry 7.) Plaintiff asserts that on October 25, 2021, Plaintiff's counsel was served with a proposed record on appeal, which showed that "Defendants' counsel is pursuing an appeal of this action with the North Carolina Court of Appeals." (Docket Entry 10 at 2; *see* Docket Entry 10-1.) In response, Plaintiff filed a motion to supplement his motion for remand. (Docket Entry 10.) After requesting and receiving two extensions of time to respond to Plaintiff's motion to remand, Defendants did not respond to Plaintiff's motion and the time to do so has passed. (*See* Docket Entries 12, 15; Text Orders Entered 11/24/2021 and 01/19/2022.) The motions are ripe.

## II. DISCUSSION

### a. Plaintiff's Motion to Remand

Plaintiff seeks to remand this case to Montgomery County Superior Court, arguing the notice of removal was late under 28 U.S.C. § 1446(b)(1), premature under 28 U.S.C. § 1446(b)(3), and, even if the notice of removal is not premature, the proposed amended complaint "does not contain any allegation from which it may first be ascertained that the case is one which is or has become removable." (Docket Entry 8 at 4 (quoting 28 U.S.C. § 1446(b)(3)). Plaintiff also asserts that remand is appropriate because Plaintiff is suing as a private citizen, not a state actor. (Docket Entry 8 at 5.) Defendants have not responded to Plaintiff's Motion to Remand.

First, the Court turns to Defendants' notice of removal. The Federal Rules of Civil Procedure provide that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

3

the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Here, Plaintiff's Complaint was served on Defendant Tonya Troublefield on February 4, 2021 and Defendant Allgood on February 8, 2021. Thus, Defendants' notice of removal filed on September 21, 2021 is untimely.

It appears that Defendants filed the notice of removal based on Plaintiff's motion to amend the Complaint and add Yvette Troublefield as a party defendant.[2] When a defendant is added to a complaint, each individual defendant has 30 days from her date of service to file a timely notice of removal. *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 925 (4th Cir. 1992). However, to the extent that Defendants attempted to timely remove this case based on Plaintiff's August 23, 2021 motion to amend, Defendants' efforts fail. "In addressing the propriety of federal jurisdiction in a removal action, courts base their decision on the record existing at the time the petition for removal was filed." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). A motion to amend cannot be the basis for a notice of removal because "the state judge might deny the motion." *Bottom v. Bailey*, No. 1:12CV97, 2013 WL 431824, at *3 (W.D.N.C. Feb. 4, 2013) (quoting *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir.1998)). Instead, the state judge must grant the motion to amend before removal based on the proposed amended complaint is proper. *Bottom*, 2013 WL 431824, at *3 (quoting *Sullivan*, 157 F.3d at 1094).

Here, on August 23, 2021, Plaintiff filed a motion to amend the Complaint and add Yvette Troublefield as a defendant. Plaintiff attached his proposed amended complaint to his

---

[2] Defendants refer to the proposed amended complaint as the "amended pleading" (Docket Entry 1 ¶¶ 2, 10) and the "Amended Complaint" (*id.* ¶ 4) and list Yvette Troublefield as a party to the action (*id.* ¶ 13).

motion. However, this proposed amended complaint was not the operative complaint at the time that Defendants filed their notice of removal on September 21, 2021. Montgomery County Superior Court had not yet heard arguments on the motion to amend and had not granted Plaintiff leave to amend. Thus, Plaintiff's original Complaint was the operative document at the time of removal and removal based on the proposed amended complaint was not proper.[3] For these reasons, the undersigned recommends granting Plaintiff's motion to remand and recommends remanding the matter to Montgomery County Superior Court.

Next, the undersigned turns to Plaintiff's request for attorney's fees and costs. Plaintiff also requests attorney's fees and costs associated with the motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award attorney's fees is within the discretion of the Court. *Georgetown Condominiums Homeowners' Ass'n, Inc. v. Cmty. Apartments Corp. of Forsyth Cnty. No. 3*, 387 F. Supp. 2d 512, 515 (M.D.N.C.2005). Bad faith is not technically required to award attorney's fees pursuant to 28 U.S.C. § 1447(c). *In re Lowe*, 102 F.3d 731, 733 n. 2. However, most courts addressing this issue have engaged in a bad faith analysis. *See ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987); *Paraclete Aero, Inc. v. Protective Prods. Enterprises, LLC*, No. 1:13CV325, 2013 WL 6070377, at *5 (M.D.N.C. Nov. 18, 2014); *Phillips v. BJ's Wholesale Club, Inc.*, 591 F.Supp.2d 822, 826 (E.D. Va. 2008); *Parker v. Johnny Tart Enterprises, Inc.*, 104 F. Supp. 2d 581, 585 (M.D.N.C. 1999). The United States Supreme Court has held that "[a]bsent unusual

---

[3] Because removal was untimely based on the initial complaint and premature based on the proposed amended complaint, the undersigned makes no determination as to whether this Court would have subject matter jurisdiction in this matter.

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although the Court recommends remand in this matter, the undersigned finds that Defendants' removal, while defective, does not appear to have been filed in bad faith. Further, the undersigned finds no evidence that Defendants intentionally filed the notice of removal without "an objectively reasonable basis for removal." *Id.* at 136. Thus, within its discretion, the Court recommends that Plaintiff's request for costs, expenses and attorney's fees be denied.

### b. Plaintiff's Motion to Supplement the Motion for Remand

Having recommended that Plaintiff's motion to remand and for attorney's fees be granted, the undersigned recommends denying as moot Plaintiff's motion to supplement the motion for remand.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand and Motion for Attorney's Fees and Expenses (Docket Entry 7) be **GRANTED IN PART** to the extent this case be **REMANDED** to the General Court of Justice, Superior Court Division, Montgomery County, North Carolina, for further proceedings pursuant to 18 U.S.C. § 1447(c) and **DENIED IN PART** as to Plaintiff's request for attorney's fees and expenses.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Supplement the Motion for Remand (Docket Entry 10) be **DENIED AS MOOT**.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

April 13, 2022
Durham, North Carolina